16 So.2d 241

JEANFRAU v. PLAQUEMINES PARISH
DEMOCRATIC EXECUTIVE
COMMITTEE.

No. 37392.

Dec. 15, 1943.

R. A. Dowling, John J. Jackson, and Edward M. Heath, all of New Orleans, for applicant.

Leander H. Perez, of New Orleans, for respondent.

O'NIELL, Chief Justice.

Mrs. Thelma Jeanfrau filed an application with the Plaquemines Parish Demo-

cratic Executive Committee to become a candidate for the nomination for the office of tax assessor in the Democratic Primary Election to be held on January 18, 1944, and prayed that the Committee should certify her name to the Secretary of State, to be printed on the official ballot. The Committee sustained an objection to the candidacy of the applicant and rejected her application, on the ground that she did not make her declaration of her qualifications under oath before the notary public. Mrs. Jeanfrau appealed to the district court under the provisions of subsection (b) of Section 86 of Act No. 46 of 1940, to reverse the ruling of the Executive Committee and to have her name as a candidate printed on the official ballot. The Committee filed an exception of "no legal right of action", under subsection (b) of Section 86 of Act No. 46 of 1940, requiring a plaintiff in such a case to set forth specifically and in detail, in his or her petition, the grounds upon which the contest is based and the irregularities or fraud of which the complaint is made. The judge of the district court sustained the exception and dismissed the suit. The judgment was rendered, read and signed in open court on November 27, 1943. One of the attorneys for the plaintiff, thereupon, in open court, moved for and obtained an order of appeal to the Court of Appeal for the Parish of Orleans, returnable on or before December 3, 1943. On November 30, 1943, one of the attorneys for the plaintiff in open court called the judge's attention to the fact that the appeal in this case should have been taken to the supreme court; and

the attorney graciously declared that it was through his own error that he had had the court sign the order for the appeal to go to the court of appeal. The attorney requested the judge to correct the error by making the appeal returnable to the supreme court "on the same day, December 3rd, and on the same bond in the amount of $200". The attorney for the appellant then presented and had the judge sign a new order of appeal, which the attorney had prepared, granting a suspensive appeal returnable to the supreme court "on the 3rd day of December 1943, at 10:30 a. m., upon [appellant's] furnishing bond with good and solvent surety in the sum of two hundred dollars."

The attorney for the appellant erred in having the judge make the appeal returnable on December 3rd. The judgment, as we have said, was rendered, read and signed on November 27th; and, according to subsection (e) of Section 86 of Act No. 46 of 1940, the appeal was returnable "within not more than five days from the rendition of the judgment". The right of appeal, granted by that subsection of the statute, is subject to the proviso that "said appeal shall be filed in the appellate court within not more than five days from the rendition of the judgment". Counting from the 27th day of November, the first one of the five days within which the appeal should have been filed in this court was the 28th day of November, and the last one of the five days was the 2nd day of December. The appellant, therefore, was obliged to file the record of the case in the supreme court before

the expiration of the 2nd day of December. She furnished an appeal bond with a surety whose financial standing did not qualify him as a surety on the bond. For that reason the Parish Executive Committee moved to dismiss the appeal and obtained from the district judge a rule on the appellant to show cause why the appeal should not be dismissed because of the insufficiency of the surety on the appeal bond. By consent of the parties the judge made the rule absolute, but allowed the appellant to file a new bond under the provisions of Act No. 112 of 1916. The appellant filed the new bond on December 2nd at 4:00 o'clock p. m.; which was the regular hour for the closing of the clerk's office, of the district court, as well as of this court that evening a notice of the however, remained on duty, and mailed to this court that evening a notice of the taking of the appeal, as provided in subsection (f) of Section 86 of Act No. 46 of 1940. According to the post office regulations the mail bag containing the last mail leaving Pointe a la Hache—the parish seat—was closed that day and in fact every day at 4:00 p. m.; so that it was impossible for the notice from the clerk of the district court to reach the supreme court that day. The notice left the Pointe a la Hache Post Office at 2:30 p. m., on December 3rd, in the earliest mail in which the notice could have gone out. The notice was delivered to the clerk of the supreme court on December 4th—one day after the expiration of the time allowed by the order of appeal, and two days after the expiration of the time allowed by

law—for filing the record in the appellate court.

The Committee, as appellee, has moved to dismiss the appeal on the ground that the record was not filed within the time allowed by the statute, subsection (e) of Section 86 of Act No. 46 of 1940.

One of the reasons why the clerk of the district court did not send up the record to the supreme court is that the court reporter did not transcribe his stenographic notes of the testimony taken on the trial of the case. The minutes of the court show that the case was consolidated with eight similar cases and that the testimony was taken on the trial of the consolidated cases. The judge referred the Committee's exception of "no legal right of action", in each of the consolidated cases, to the merits of the case; but he sustained the exception after hearing the testimony on the merits of each of the consolidated cases. At the conclusion of the hearing of the testimony it was stipulated and agreed by all parties to the consolidated cases that, inasmuch as in one of the cases the appeal was to the supreme court and in the eight other cases the appeals were to the court of appeal, the court reporter should make three copies of the transcript of the testimony— one copy to be sent to the court of appeal and two copies to the supreme court.

The court reporter in open court gave notice to the parties that he would not transcribe the testimony unless payment would be made for his fee for the service. The attorneys for the appellant

in this case, after obtaining their orders of appeal, refused to pay the court reporter for transcribing the testimony—their contention being that, inasmuch as the case was decided on the exception of no right of action, there was no necessity for having a transcript of the testimony. It appears, however, that a transcript of the testimony would be necessary in order to decide this case on its merits if we should reverse the judgment of the district court on the exception of no right of action. The clerk of the district court, therefore, was not arbitrary in refusing to send up the record without having a transcript of the testimony; nor was the court reporter obliged to furnish a transcript of the testimony without being paid for his services. In that sense the blame for the omission to have the record filed in the supreme court within the time allowed was on the appellant.

Aside from the refusal of the court reporter to transcribe the testimony without being paid for the work, the failure to have the record filed in this court within the five days allowed from the rendition of the judgment, as required by subsection (e) of Section 86 of Act No. 46 of 1940, was attributable to the mistake of the appellant in figuring or assuming that the last one of the five days was not the 2d day but the 3d day of December. There was no justification for the appellant to wait until 4:00 o'clock of the afternoon of the 2d day of December to file her appeal bond with sufficient surety for an appeal to the supreme court. A part of the delay was caused by the appellant's obtaining first an order of appeal to the wrong court, and by her filing an appeal bond with insufficient surety. The district judge could not legally extend the return day of the appeal to the 3d day of December, or one day beyond the time allowed by the statute. Even if the error in declaring the return day to be December 3d, instead of December 2d, had been made by the judge, we doubt that the appellant could have the benefit of the extra day; but in this case the error of declaring the return day to be December 3d instead of December 2d was the error of the attorneys for the appellant. It would have been practically impossible for the clerk of the district court to transmit the record to the supreme court on the 2d day of December after the attorney for the appellant filed the appeal bond, at 4:00 o'clock that afternoon, even if the clerk of the district court had not been misled by the attorney's calculating or assuming that the last one of the "five days from the rendition of the judgment" was not December 2d but December 3d.

By a provision in subsection (e) of Section 86 of Act No. 46 of 1940, the appellate courts are obliged to decide cases like this—in which the right of an individual to be a candidate for a political party nomination for public office is in contest—within twenty-four hours after submission. The reason and necessity for the haste is that the Secretary of State must have the official ballots printed and distributed in time for absentee voting. For that reason, in a case like this, it is not possible for the court or for the law itself to make allowance for delays caused

by mistakes or negligence on the part of an appellant.

The appeal is dismissed at appellant's cost.