SARTAIN, Judge.
There are two motions before us for disposition, they are: (1) motion by defendant-appellant seeking a writ of mandamus commanding the trial judge to cause the Clerk of Court to complete the record for appeal In accordance with appellant’s demands; and, (2) a motion by plaintiff-appellee to dismiss the appeal in this matter on the grounds that appellant has failed and refused to perfect said appeal in accordance with law. We shall take up these matters in ■the order listed.
ON WRIT OF MANDAMUS
Defendant (hereinafter called appellant) was found in contempt of court as per judgment on October 14, 1966 following hearings held on October 10 and 14, 1966. Additionally, on November 16, 1966 the trial judge rendered judgment redefining reasonable rights of visitation by appellant with his minor children and further condemned appellant to pay the sum of $500.00 per month for the maintenance and support of the said minor children. This judgment was read and signed on November 18, 1966. On December 2, 1966 appellant was granted a devolutive appeal from the contempt order and judgment rendered on October 14, 1966 and a suspensive and devolutive appeal from the judgment rendered and signed on November 18, 1966, returnable to this court on January 31, 1967. On December 2, 1966 plaintiff filed bond in the amount of $2,500.00. On December 13, 1966 Judge Paul B. Landry of this court dismissed appellant’s suspensive appeal insofar as it related to custody of the minor children and alimony. The devolutive appeal was maintained. On January 30, 1967 the return date for lodging the record in this court was extended to March 23, 1967.
When the record on appeal was filed in this court on March 16, 1967 it contained copies of the pleadings only and did not contain copies of a transcript of the testimony taken on October 10 and 14 or November 16, 1966.
On April 6, 1967 appellant filed a motion for extension of time for filing of briefs and an order to compel the district judge to cause the Clerk of Court to transcribe and forward to this court testimony taken on the days and dates above mentioned which constituted the trial dates of the judgments from which appellant appeals.
Pursuant to appellant’s motion, on April 11, 1967, we issued an alternative writ of mandamus directing the trial judge to cause the Clerk of Court to have the testimony taken in these matters on October 10, and 14, 1966 and November 16, 1966 transcribed and forwarded to the Clerk of this Court for inclusion in the record -after payment of same by appellant, or, in the al *298 ternative, to show cause by briefs why said writ should not be made peremptory. The effective date for the accomplishment of either alternative was set for April 28, 1967.
The facts giving rise to the subject motion are not in conflict. Appellant appeals from the two aforementioned judgments and contends that the transcripts which should comprise the record for appeal should be limited to testimony taken on the specific dates mentioned above and that the trial judge was in error when he decreed the inclusion of testimony taken on several prior occasions.
Appellant very clearly states his position, when in his application for writ of mandamus he stated:
“On November 18, 1966, Judge Jim Richardson of the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, signed a Judgment increasing child support payments and setting visitation rights for appellant. As an incident to that Judgment, appellant was ordered to pay the cost of transcribing all of the testimony taken in the case from June 11, 1962 through July 11, 1966. That testimony had nothing to do with or related to the issues at hand set out in the Judgment of Judge Richardson of November 18, 1966. Appellant objected to the-Court’s order for the preparation of transcript of the testimony having no bearing on the issues of his Judgment of November 18th and questioned the Court’s reasons for having such transcript prepared. Judge Richardson stated that he wanted this testimony in the record of the case so that he could refer to it at any time he wished when further issues were raised in the case. We advised Judge Richardson that he had already rendered his decision as to the issues raised with the filing of the last motion of increase of child support payments and visitation rights, etc., and that there was no need for the testimony and no reason why appellant should be made to pay for this testimony. Nevertheless, Judge Richardson insisted that it be prepared. On December 2nd, appellant appealed from Judge Richardson’s Judgment of November 18th as well as his contempt order of October 14, 1966. The effect of this appeal was to then bring at issue the question of whether appellant should be made to pay for the transcript of testimony in this case not at issue in the appeal. Shortly thereafter, appellant received a statement from Vera Haik, Court Reporter, in the amount of $208.00 for the transcript of testimony from June 11, 1962 through July 11, 1966. The writer, as attorney for appellant, wrote to Mrs. Haik and advised her that we could not pay this bill in light of the fact that we had opposed Judge Richardson’s order that such testimony be prepared and that the matter was presently on appeal. On March 1st, appellant received a bill from the Clerk of Court for the Parish of St. Tammany in the amount of $139.95 for the preparation of the record. On March 9th, Mover’s attorney forwarded his check on to the Clerk of Court in a like amount assuming that this check was in payment of the testimony taken on October 10th and 14th and November 16, 1966, as well as the preparation of the record. It was not until the record was lodged and appellant wrote to the Clerk of Court requesting a copy of the record did he find that it did not include the testimony for the days mentioned above. At no time was appellant ever presented with a bill from the Court Reporter requesting payment for transcript of the testimony taken on October 10th and 14th and November 16th.”
The trial judge elected to answer our alternative writ of mandamus and in his answer stated:
“This matter was first instituted by petition in May of 1962, and since that time has, as the record will show, been before the trial court on innumerable occasions. It might well be described as a recurring, *299 serialized, installment type of action. Many of these occasions involved rules for contempt, show cause rules, rules in connection with visitation and child support. At the conclusion of each hearing upon which testimony was adduced, the trial court ordered the transcription of the testimony in order that it might be available to the Court in considering the continuing matters of custody, visitation and child support and used as evidence in succeeding hearings. During some hearings, rather than repeat background information and other relevant information, testimony of prior hearings was incorporated by reference. Upon each occasion that the Court rendered a judgment involving visitation or child support, the testimony was ordered transcribed and the costs thereof taxed against the defendant, Clifford F. Favrot, Jr. In like manner as a part of the Judgment of November 18, 1966, the Court again ordered the defendant to pay all costs of the instant proceeding including the cost of the transcript of the testimony made a part of the record. This the defendant has not done.”
The judge a quo further stated in his answer:
“Pretermitting the propriety of the Court’s order in this matter, the defendant did not appeal suspensively as to this order, nor did he take writs. In order to perfect his appeal, in the opinion of this Court, the transcript should have been filed. In the opinion of the Trial Judge, it is not the function of counsel nor the defendant to arbitrarily fail and refuse to obey a judgment of the Trial Court, but, on the contrary, should await the final determination of the devolutive appeal. Counsel for the defendant’ has represented to the Court of Appeal in his memorandum heretofore filed with you that the transcript of testimony ordered filed in the record ‘had nothing to do with or related to the issues at hand set out in the Judgment of Judge Richardson of November 18, 1966’, and suggests that as an incident to this judgment, appellant was ordered to pay the cost of transcribing all of the testimony taken in the case. This is not the case. An examination of the record would show that, for example, on July 11, 1966, at the conclusion of that hearing, the testimony was ordered transcribed at the defendant’s cost. The same has been true of other hearings.”
Thus the matter of what testimony should comprise the record on appeal before us further narrows itself to the question of whether or not it was within the trial judge’s authority to include in this record the transcript of testimony he had previously ordered transcribed. Appellant takes the position that he took a suspensive appeal from that portion of the trial judge’s order requiring that all of the previous testimony be transcribed and as a result of such appeal he is not required to furnish the same until the issue is resolved on appeal. Such a position under the particular facts of this case is in our opinion untenable. A review of the extract of the minutes shows that on Friday, May 13, 1966, a rule to increase child support was continued and reassigned for July 11, 1966. On July 11, 1966 the matter was heard and appellant was condemned to pay $400.00 per month for the support of his minor children. It was decreed that plaintiff’s rights of visitation be suspended until October, 1966, and the matter was reassigned for October 10, 1966. On October 10, 1966, appellant failed to appear and the court ordered an attachment for his arrest. Further, the matter was reassigned for October 14, 1966. Included in this latter assignment was a- show cause order directed to appellant’s previous attorneys to show cause why the “transcript of testimony previously taken herein and being held by Mr. Favrot had not been filed in the record as ordered”. On October 14, 1966 appellant was found in contempt of court and the rule relative to his request for reinstatement of visitation rights was reassigned for November 16, 1966, “to *300 gether with any other rules pending herein”. On November 16, 1966 appellant was reaccorded specifically defined rights of reasonable visitation and child support was increased to the sum of $500.00 per month.
It certainly appears to us that the questions of child support and visitation were before the district court commencing May 13, 1966 and culminating on November 16, 1966. Certainly the trial judge’s order that the transcript of testimony taken during these dates is justified and in fact were a part of the record and should be included in the transcript on appeal.
The minutes further reflect that on October 19, 1964 the balance of appellant’s sentence on October 13, 1964 to IS days in jail for contempt of court was suspended and the prior suspension of appellant’s visitation rights on this occasion was maintained unless such could be mutually agreed upon by the parties. The minutes of October 19, 1964 contained the following:
“The court reporter is to transcribe the testimony in this case at Mr. Favrot’s costs. On November 13, 1964, the court will give further consideration to visitation privileges.”
Certainly the trial judge on this occasion was justified in ordering the transcript of the testimony for the purpose of reviewing the same to “give further consideration to visitation privileges.”
As indicated above the question of custody, rights of visitation and child support may be of a continuing nature and much discretion should be accorded to the trial judge in ordering the perpetuation of testimony by transcription. It is abundantly clear that these issues involving the parties herein have been before the court on numerous occasions since June of 1962. It also appears reasonable to us that some discretion should be given to the trial judge in the handling of matters such as these and particularly where the record reflects that they are indeed of a constant and continuing-nature. In the event of an abuse of this discretion by the trial judge the party aggrieved has the right to seek the supervisory jurisdiction of an appellate court if his relief cannot be adequately satisfied by appeal.
In the instant matter the trial judge ordered the transcription of the testimony for certain dates. This order included testimony taken and transcribed on prior occasions.
With respect to the preparation of a record for appeal LSA-CCP Art. 2128 provides :
“The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.”
Under the clear authority of this article appellant is given authority to designate such portions of the record as he desires to constitute the record on appeal. Appellee is given five days thereafter to designate what portions of the record she desires to constitute the record on appeal. The trial judge also has the authority to designate what he considers to be any *301 omitted portions of the record. In the event there develops a serious dispute as to the composition of the record for appeal reason dictates that the parties should endeavor to reconcile their differences invoking if desired the assistance of the trial judge. Undoubtedly extraneous matters can be eliminated and the cost of appeal reduced proportionately. The ruling of the trial judge is final unless and until the supervisory jurisdiction of the appropriate appellate court is invoked.
Appellant’s assertion under the facts of this case as borne out by the record that is before us that the trial judge is without authority to designate what should or should not be in the record is in error and contrary to the express provisions of LSA-CCP Art. 2128.
Appellant’s failure to follow either the procedure outlined in LSA-CCP Art. 2128 or to invoke the supervisory jurisdiction of this court prior to the return date of the appeal renders final the trial judge’s order as to what constitutes the said record for appeal. It is not for appellant to arbitrarily determine what should or should not constitute the record. In the event the appellate court determines after having the benefit of the testimony and the record as ordered by the trial judge that a portion of the said record and particularly the testimony ordered transcribed is an abuse of his authority, appellant will find re-relief in the appellate court’s ultimate assessment of costs. LSA-CCP Art. 2164 vests authority in an appellate court to assess costs as justified. This is appellant’s relief.
There is no way for us to determine as a matter of law whether or not the trial judge abused his discretion in ordering the inclusion of a transcript of testimony of prior hearings in the absence of our having the testimony before us. We do not have this testimony because of appellant’s refusal to furnish the same. Accordingly for these reasons the alternative writ of mandamus directed to the trial judge and appellee herein is herewith recalled and vacated.
ON MOTION TO DISMISS APPEAL
Appellee has filed a motion to dismiss this appeal on the grounds that appellant has failed and refused to pay the trial Clerk of Court for the costs of the transcript in accordance with the trial judge’s orders. As stated above the last extended return date for the lodging of the record in this court was March 23, 1967. The record herein without the transcript of the testimony was filed with us on March 16, 1967. Appellant states that shortly after December 2, 1966 he received a statement from the trial Clerk of Court in the amount of $208.00 for the transcript of testimony from June 11, 1962 through July 11, 1966, that he wrote to the Clerk of Court and advised her that he would not pay this bill in light of the fact that he opposed the trial judge’s order that such testimony be prepared and made a part of this record. On March 1, 1967 he received a statement from the said Clerk of Court in the amount of $139.95 for the preparation of the record. He paid this latter amount and assumed that it included the testimony taken on October 10 and 14 and November 16, 1966. He further states that it was not until after the return date when he requested the record from the Clerk of Court for the purpose of preparing his brief that he ascertained that the testimony requested by him was not made a part of the record lodged with us. It was then that he asked for the aforementioned writ of mandamus.
It is clear to us that appellant’s refusal to pay for the transcript of the testimony as ordered by the trial judge constituted a failure on his part to timely perfect his appeal in accordance with law.
The trial Clerk of Court was bound by the judgment of the district court which *302 ordered the transcript of the testimony contrary to appellant’s views. Appellant was put on notice months before the return date that it was his responsibility to pay to the trial Clerk of Court fees occasioned by the preparation of the transcript. Appellant in our opinion can find no relief in his argument that he was of the opinion that his payment of the sum of $139.95 was for the testimony taken on the last three days of hearings. For even if this testimony was before us appellant would still be derelict in his duty to pay for the balance of the testimony as ordered by the trial judge. For by appellant’s own admission he would have paid for only a part of the required testimony.
Appeals are favored in law and our courts abhor their dismissal on technicalities. There are numerous cases to the effect that where the full and complete record fails to reach the appellate court prior to the return date thereof is the result of fault or failure on the part of the Clerk of Court that the appeal will not be dismissed and the return date thereof will be continued to such time as the Clerk of Court forwards the proper record. However, our jurisprudence is equally clear that where the record is not timely lodged in the appellate court due to the fault of the appellant, said appeal will be dismissed.
LSA-CCP Art. 2126 provides:
“The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
In Thibodaux v. Cayard, 52 La.Ann. 1374, 27 So. 737, attorney for appellant had failed and refused to pay the Clerk of Court for the transcript, notwithstanding request therefor. The Court stated:
“Had these facts been brought to the attention of the court, the second extension of return day would have been denied. Following the filing of the transcript, and within two days thereafter, the appellee filed the motion under consideration, to rescind and set aside the order granting the second extension and to dismiss the appeal. It is set forth as grounds for the motion that the transcript of appeal was not delivered to the appellant, to be filed in this court on the first extended return date, for the sole reason that the appellant failed and neglected to pay the clerk’s cost for preparing the same.”
The case of Jeanfrau v. Plaquemines Parish Democratic Executive Committee, 204 La. 713, 16 So.2d 241, is particularly applicable to the facts in this case and in our opinion controlling of the issue herein presented. The Jeanfrau case involved an appeal by an unsuccessful political candidate, who sought to reverse a ruling of the defendant which rejected her application to be a candidate for political office. Chief Justice O’Neill speaking for the court stated:
“The court reporter in open court gave notice to the parties that he would not transcribe the testimony unless payment would be made for his fee for the service. The attorneys for the appellant in this case, after obtaining their orders of appeal, refused to pay the court reporter for transcribing the testimony — their contention being that, inasmuch as the case was decided on the exception of no right of action there was no necessity for having a transcript of the testimony. It appears, however, that a transcript of the testimony would be necessary in order to decide this case on its merits if we should reverse the judgment of the district court on the exception of no right of action. The clerk of the district court, therefore, was not arbitrary in refusing to send up the record without having a transcript of the testimony; nor was the court reporter obliged to furnish a transcript of the testimony without being paid for his services. In that sense the blame for the omission to have the record filed in the supreme court within the time allowed was on the appellant.” (Emphasis ours)
*303 See also Cavalier v. LaSalle, La.App., 126 So.2d 23 and Danna v. Yazoo & M. V. R. Co., La.App., 154 So. 656.
For these reasons appellee’s motion is granted and the appeal is herewith dismissed at appellant’s costs.
Writs recalled.
Appeal dismissed.