YARRUT, Judge.
This is a joint suit by Elizabeth Lou Bur-as to be reinstated as a candidate for the office of Assessor of Plaquemines Parish; and by Angelo J. Benandi to be reinstated as a candidate for the office of Clerk of Court of Plaquemines Parish, filed on August 24, 1967.
On August 14, 1967, both Plaintiffs were served with objections to their candidacies; such objections also being filed with the Chairman of the Plaquemines Parish Democratic Executive Committee, as is required by LSA-R.S. 18:307. As required by the above-cited statute, both Plaintiffs filed answers to the objections. A hearing was held on August 18, 1967, by the Committee which maintained the objections made to the Plaintiffs’ candidacies and disqualified them as candidates in the primary election to be held November 4, 1967.
Plaintiffs seek to have the Committee’s decision set aside. Defendants filed pleas of lack of jurisdiction ratione materiae, prescription and no cause or right of action, which were maintained by the trial judge with the dismissal of Plaintiffs’ suit. This judgment was “rendered” September 2, 1967 and “signed” September 5, 1967. From this judgment Plaintiffs have taken this appeal.
Defendants moved to dismiss the appeal contending that the appeal bond was filed in the office of the Clerk of Court at Pointe-a-la-Hache on September 7, s1967 at 3:45 P.M., too late for the Clerk to transmit a certified copy of the record to this Court on the same day. According to LSA-R.S. 18:307, the time within which an appeal may be taken is governed by the rules, providing for contesting elections, set forth in LSA-R.S. 18:364, which provides, inter alia:
“However, the appeal shall be filed in the appellate court within not more than five days from the rendition of the judgment, * * * ” (Emphasis added.)
Defendants contend that the appeal was not taken within the requisite five days, citing Jeanfrau v. Plaquemines Parish Democratic Executive Committee, 204 La. 713, 16 So.2d 241, in which a similar appeal was dismissed, the court holding that it would have been practically impossible for the Clerk of the District Court to timely transmit the record to the Supreme Court when the appeal bond was filed on the fifth and last day at 4:00 P.M. Plaintiffs, however, contend that, because the judgment was not signed until September Sth, they were well within the five-day period. It is to be noted that the time limit is five days from the “rendition” of the judgment. In the instant case the judgment was pronounced on September 2, 1967, and signed on September 5, 1967. It has been held that the rendition of the judgment requires the signing thereof by the judge. This jurisprudence is thoroughly reviewed Jn Viator v. Heintz, 201 La. 884, 10 So.2d 690. However, we have been unable to find any definition of “rendition” as it is employed in LSA-R.S. 18:364. The obvious purpose of the statute in fixing the time of appeal from the “rendition” of the judgment, is that the election contests be handled with a minimum of delay. Therefore, the “rendition” of a judgment under this statute does not require the immediate signature of the judge to begin the delay allowed for an appeal. The “rendition,” and not the possible delay in the “signing” of a judgment in such a case, makes that date the beginning of the time allowed for an appeal. However, we pretermit this issue since the suit was properly dismissed by the District Court on the exception of prescription.
It is to be noted that the Committee handed down its ruling August 18, 1967, and this suit was not brought until August 24, 1967, six days later. LSA-R.S. 18:307 provides, inter alia:
“The jurisdiction of the court, the time within which suit must be filed, the delay for answering, the method of procedure and trial, the time within which a decision shall be rendered by the lower court, the *680 time within which an appeal may be taken and prosecuted, and the time within which the appellate court must render a decision, shall, as far as practicable, be as is hereinafter provided for contesting elections.” (Emphasis added.)
The only provision in LSA-R.S. 18:364 (the statute concerning the contesting of elections) which refers to the time in which such a suit must be filed provides as follows:
“H. No contest shall be entertained unless brought within two days after the official promulgation of the result of the election, made by the secretary of state, or by respective committees as provided in this Part.”
This court has recognized that this provision applies to suits involving objections to candidacy. See Janssen v. Second Congressional District Democratic Executive Committee, 235 La. 353, 103 So.2d 472.
Plaintiffs rely on the language of LSA-R.S. 18:307 which provides the rules for contesting elections be made applicable to suits regarding objections to candidacy only “as far as is practicable.” In support of the proposition that the two-day period should not be strictly applied, Plaintiffs cite Grace v. Boggs, 220 La. 22, 55 So.2d 768. This case is not apposite here as the sole issue involved in the cited case was whether a Court of Appeal or the Louisiana Supreme Court had appellate jurisdiction over suits contesting the qualifications of a potential candidate. The Supreme Court transferred the appeal to the Court of Appeal for the First Circuit.
At issue here is the definition of the word “practicable.” Webster’s New International Dictionary, Second Edition, defines “practicable” as “1. That may be practiced or performed; capable of being put into practice, done, or accomplished; feasible;”
The first definition of practicable in 72 C.J.S. p. 467, is as follows:
“The word ‘practicable,’ as defined by lexicographers, has a number of significations, and is variously defined as meaning capable of being put into practice, done, or accomplished; capable of being done or accomplished with available means or resources; capable of being performed or effected; feasible; feasible, fair, and convenient; possible of execution or performance.”
There is no showing that it was not feasible or possible for the Plaintiffs to have timely filed their suit. Thus it was clearly “practicable” for them to do so. The exception of prescription was properly maintained by the District Court, and the judgment of the District Court is affirmed; Plaintiffs to pay all costs in both courts.
Judgment affirmed.