SAMUEL, Judge.
Plaintiff filed this suit against the Pla-quemines Parish Democratic Executive Committee seeking: (1) a restraining order and an injunction restraining and enjoining the defendant from conducting the Democratic Primary Election to be held on November 4, 1967 with the commissioners certified by it; and (2) a judgment directing the defendant to cancel and vacate its certification of commissioners and to conduct a drawing of commissioners in accordance with law.
The petition alleges: Plaintiff, a duly qualified candidate for the nomination of Senator for the 26th Senatorial District in the November 4, 1967 election, submitted to the defendant a list of proposed commissioners in accordance with LSA-R.S. 18:340. The defendant held a meeting on October 7, 1967 to draw commissioners and at that time plaintiff examined the committee’s lists of proposed commissioners for each precinct. The examination revealed that the lists were not in alphabetical order as to the proposed commissioners as required by the cited statute. He objected to the lists but despite those objections the chairman of the committee ruled that the list of each precinct was properly in alphabetical order according to the surnames of the local candidates and need not be in alphabetical order according to the surnames of the commissioners submitted. Also contrary to the provisions of the cited statute, the drawing was improper in that the balls were drawn one at a time from a hat covered by a handkerchief by a secretary both of whose hands were in the hat under the handkerchief with each name being called *571 and checked off or written down before another ball was drawn.
The trial judge refused to issue a restraining order; instead he signed a rule to show cause why a preliminary injunction should not issue and why a judgment should not be rendered, both as prayed. Defendant filed exceptions of no right and no cause of action to plaintiff’s petition and a return to the rule, which return generally denied the pertinent petition allegations. After a hearing on the exceptions the trial court maintained both exceptions and dismissed the suit. Plaintiff has appealed therefrom.
There has been no trial on the merits; but the record does contain a transcript of testimony taken in connection with the exception of no right of action and some evidence, including the lists in question, which was produced in response to a subpoena duces tecum. In this court plaintiff complains only of the committee’s alleged noncompliance with that portion of LSA-R.S. 18:340(3) which reads as follows:
“The parish committee shall take the names submitted to it for each precinct by the candidates and shall write or type each name on a separate list for each precinct, in alphabetical order, according to surnames. * * * ”
Plaintiff contends that the separate list for each precinct was not in alphabetical order according to the surnames of the commissioners submitted; therefore, there was an illegal drawing of commissioners by the defendant and the drawing should be done again in a proper manner. In argument before us he concedes the obvious, i. e., if we reverse the judgment on the exceptions and remand the case to the district court for a trial on the merits, the matter cannot be finally decided and acted upon in sufficient time to be effective on November 4, 1967, the date of the election. However, he also argues that this court can and should decide, on the merits, the question of proper procedure as it relates to the defendant’s alphabetical listing and order the defendant to proceed with another drawing properly and without delay. We are unable to agree.
 Aside from any other consideration, as is true of any litigant the defendant committee is entitled to its day in court. It must be given an opportunity to present evidence during a trial on the merits; and we cannot decide on the merits unless all of the evidence is before us. In addition, the rights of other local candidates, here thirteen in number, who also submitted the names of proposed commissioners, must be considered. Therefore, even if we were to hold that the plaintiff’s contention relative to noncompliance with the alphabetical listing is correct, we would have to remand the case to the district court for a trial on the merits. As the matter could not be determined and acted upon after such a trial in time to enable the commissioners ultimately drawn to serve at the election, the matter is now moot and the appeal must be dismissed for that reason.
For the reasons assigned, this appeal is dismissed at plaintiff’s cost.
Appeal dismissed.