PER CURIAM.
This is an election contest in which plaintiff claims that but for an improper tabulation of the absentee ballots by the Commissioners at the polls in Ward 9 of Iberville Parish, he, rather than defendant/ would have been elected to the Parish Democratic Executive Committee. To his petition an exception of vagueness was filed by defendant, which was maintained by the trial court and plaintiff was given until January 9, 1968 to amend his petition in certain respects. On that date' plaintiff announced that he desired to stand on his petition as written except for one amendment which he attempted to make orally, which amendment did not meet the requirements of the court.
Counsel for the defendant thereupon moved to dismiss plaintiff’s case which motion was granted by the court. From that judgment plaintiff brings this appeal.
The main thrust of the exception of vagueness was directed at the allegations of Articles 7 and 8 of plaintiff’s petition which read as follows:

“7.

Your petitioner did during said tabulation by the Clerk of Court challenge the nine absentee ballots which had been cast for his opponent, however none of the challenges were allowed by the Clerk of Court.
8.
All nine of the absentee ballots cast for D. B. Barrow had certain deficiencies which had the effect of voiding them and your petitioner’s challenge should have been allowed.”
Under the provisions of R.S. 18:364 which relate to election contests the petition must set forth specifically and in detail the grounds on which the contest is based, and the irregularities or fraud of which complaint is made.
We think it clear that the allegations complained of are vague and indefinite and furnish no basis to defendant for preparing his defense to the suit. It is our *611 opinion that the district judge properly-maintained the exception of vagueness and that when plaintiff elected to stand on his petition, he did so at his peril.
For the above reasons we are of the opinion that the judgment of the lower court is correct and it is affirmed at plaintiff’s costs.
Judgment affirmed.