SARTAIN, Judge.
Clifford F. Favrot, Jr., defendant-appellant, appeals from a judgment of the district court which increased from $400 to $500 per month the amount he must pay for the support of his two minor children. Defendant also appeals from a judgment of the trial court which he contends fails to accord him sufficient visitation with his two children.
This matter was previously before us concerning the composition of the record and particularly the transcript of testimony taken on dates other than the days defendant contends constituted the trial dates leading up to the particular judgment from which he now appeals. See Favrot v. Favrot, La.App., 200 So.2d 295. During oral argument on the issues enumerated above counsel for both parties agreed that this court should have the benefit of the entire record in resolving the disputes over the amount of child support and the visitation schedule of the father. Accordingly, it is not necessary for us to consider the original objections of appellant and we can now direct our attention to the main issues on the merits.
In order to place the matters now before this court in proper perspective it is necessary to state briefly a chronology of events leading up to the hearings of October *596 14, IS, and November 16, 1966 which comprise the last trial dates, culminating in a judgment which was signed on November 18, 1966 from which judgment defendant has appealed.
Plaintiff originally instituted a suit on May 29, 1962 for a separation from bed and board from the defendant on the grounds of abandonment. At that time she was awarded the temporary custody of the two children, William Edward, age 5, and Virginia Alice, age 3. Alimony pendente lite for herself and support for the two minor children was fixed in the sum of $175.00 per week. On June 24, 1963, on a supplemental and amending petition, judgment for a separation from bed and board was rendered in favor of plaintiff and against defendant on the grounds that the parties had voluntarily lived separate and apart for a period in excess of one year. Plaintiff was awarded the permanent care, custody and control of the children. Alimony pen-dente lite .and child support in the same amount of $175.00 per week was fixed to run until October 1, 1963 and thereafter to be increased to $250.00 per week until such time as a community property settlement was consummated. Following a community property settlement it was stipulated that plaintiff was no longer in need of alimony. Child support, by stipulation, was fixed at $400.00 per month for the two children at the time 6 and 4 years of age. These support payments continued from 1963 until May 4, 1966 when plaintiff filed the instant matter seeking to have the child support increased to $700.00 per month. This rule was passed and reassigned from various dates and was not ultimately decided until November 16, 1966 when it was increased to the sum of $500.00. In the meantime defendant in proper person on July 11, 1966 filed a rule to reduce the child support payments from $400.00 per month for two children to $1,000.00 per year for each child.
CC Arts. 227 et seq., prescribe the requirements on the part of the father and mother to support, maintain and educate their children in accordance with the proportion of the needs of the children and the ability of the parents. Since the award of support is primarily a factual issue a great deal of discretion is vested in the trial judge in determining the amount that a parent should pay for the support of his children. It is for this reason that the amount set by the trial judge should not be set aside unless the evidence clearly reflects that the trier of fact abused this discretion.
The award for support of minor children is always subject to modification if there is any change in the needs of the children or the ability of the parent to pay. In the instant case we have both parties seeking a modification of the original decree. The mother is asking for an increase from $400.00 to $700.00 per month for the two children and the father is asking for a reduction from $400.00 per month for two children to $1,000.00 per year per child.
For reasons hereinafter stated we are of the opinion that the increase from $400.00 to $500.00 per month as set by the trial judge does not reflect an abuse of discretion on his part and is fully supported by the record. It is therefore unnecessary for us to discuss the request of the father for the reduction sought by him.
Inasmuch as the figure of $400.00 per month for the support of the children was initially stipulated the record does not contain any breakdown of the needs of the children at that time. It is evident that both of the parties considered that the figure of $400.00 was adequate for and corresponded to the needs of the children and the ability of the father at the time.
With respect to the needs of the children at the time of the hearing giving rise to this appeal plaintiff itemized her annual expenses as follows: $54.00 for school lunches; school supplies and insurance $30.00; housing and utilities $1,908.85; medical expenses $2,781.67; domestic help and baby sitters $896.67; clothing, entertainment, etc., $2,749.00; groceries and cash items $2392.-68 and other miscellaneous expenses of *597 $245.42, for a total of $11,009.78. It is evident from, the decision of the trial judge in awarding plaintiff $500.00 per month or $6,-000.00 per year that he did not give plaintiff full credit for the above expenditures but rendered judgment for just a little over one-half of the itemized expenses and $200.00 less than the sum she asked for. In declining to increase the child support from $400.-00 to $700.00 per month as requested by plaintiff the trial judge undoubtedly took into consideration the fact that plaintiff receives $640.00 per month from a trust fund that was established in her favor when she entered into a community property settlement with the defendant. The trial judge also gave consideration to the fact that some of the items listed by plaintiff as expenses pertain to her as well as the children.
With respect to the change of income of the defendant the record shows that in 1959, 1960 and 1961 defendant received a taxable income of $18,650.00, $18,960.00 and $18,-960.00 respectively. At the time of the hearing in 1966 he stated that his previous year’s tax return showed that he had drawn $25,-359.69 as wages, $2,143.50 as dividends, and $1,552.84 as interest for a total in salary, interest and dividends of $32,700.00 for 1965. In addition to this defendant testified that from a gross income in excess of $100,000.00 on rental properties after depreciation and expenses he derived an additional non-taxable “cash flow” benefit of $15,000.00. Thus it is seen that the defendant’s income, taxable and otherwise, increased considerably from 1962 to 1965 and his ability to pay certainly increased to the extent of the $100.00 additional per month as decreed by the trial judge. Defendant explained that his salary was increased $6,000.00 to offset an amount equal to the sum his wife was supposed to have received via tax free donation from defendant’s parents. He claimed that his wife’s refusal to accept the donations of $6,000.00 placed an added burden on him and his corporate salary was increased to cover this amount. Factually, the $6,000.00 was a part of the community property settlement and the payment of $6,000.-00 was not to the wife but to the trust fund and does not increase her revenue from the trust.
To determine whether or not the trial judge acted within the proper bounds of discretion in awarding the sum of $500.00 per month for the support of two children we cite Rose v. Rose, 177 So.2d 659 (3d La. App., 1965) where a father who earned approximately $21,000 a year was ordered to pay $200.00 per month per child, ages 15 and 9; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953) the court awarded $425.00 per month for the support of two children where the father’s income ranged from $30,000.00 to $37,000.00 per year.
We now turn our attention to the question of visitation by the defendant with his minor children. Such rights of visitation were first fixed and defined by the court by stipulation between the parties and were reflected in the judgment rendered on June 24, 1953. The defendant was to visit with both children each Wednesday afternoon between the hours of 3:00 to 5:00 P.M. o’clock; with his daughter, Virginia Alice, on the first and third Saturday of each month between the hours of noon to 6:00 P.M. o’clock; and with his minor son, William Edward, on the first and third Friday and Saturday of each month commencing at 6:00 P.M. on Friday and terminating at 6:00 P.M. on Saturday. It is clear from a reading of the record of this entire matter that the most serious aspects of this case evolve around the aforementioned schedule, the difficulties arising therefrom, the violations thereof, the utter refusal of the defendant on many, many occasions to comply with the same, all resulting in a total breakdown of communications between the parents and in the inevitable consequence of personal and emotional conflicts within the children. This record is literally replete with charges and countercharges between the parties with respect to the intentions, good, bad or indifferent of the one or the other and we see no useful purpose in reiterating the extent of these difficulties except to say that no less than nine *598 rules for contempt of court were directed to the defendant (admittedly some pertain to child support payments) which rules on two occasions resulted in the defendant being found in contempt of court. On the first occasion he served seven of a fifteen day jail sentence and on the second occasion he paid a $100 fine.
The defendant was enjoined from removing the children from the Parishes of St. Tammany or Orleans or parishes adjoining thereto without the specific authority and authorization of the court. The defendant admitted that he knowingly violated this order by taking his son to Lafayette, Louisiana on September 18, 1964. On another occasion defendant admittedly took his son to Kentucky in direct contravention of the court’s orders.
On two occasions, October 16, 1964 and July 11, 1966 his rights of visitation were completely suspended. On November 16, 1966 when rights of visitation were again restored to defendant they were defined as follows: with his son in Covington, Louisiana from 8:00 A.M. on Saturday to 8:30 P.M. on Sunday on the first and third weekend of each month; and, with his daughter in Covington on the first and third Saturday of each month from 10:00 A.M. to 6:00 P.M. o’clock and on the first and third Sunday from noon to 5:00 P.M. o’clock. It is this visitation schedule that defendant complains of and has prosecuted this appeal.
Considering the above and foregoing related facts pertaining to the exercise of rights of visitation by the defendant with the children we believe that the trial judge was justly proper in limiting the visitation of defendant as aforesaid much less giving him any additional visitation. The record amply supports the damaging effect the defendant’s conduct has had on these children and the unfortunate consequences that will follow if defendant persists with the same determination to rule or ruin and to deliberately violate the court’s orders.
 As visitation is an aspect of custody and a great deal of discretion is permitted the trial judge in fixing visitation on such dates and at such hours as he deems to be in the best interest of the children. A father has a natural and legal right to visit with his children but he cannot carry this right to the point of injury to the emotional well-being of his children.
The judgment from which defendant appeals is dated November 18, 1966. It is hoped that the situation has improved to the extent that defendant may be granted additional visitation. This, of course, will depend on the circumstances that have prevailed since November 18, 1966 to the present time. Our sole concern now is whether or not the judgment of November 18, 1966 was fair, reasonable, and within the discretion accorded a trier of fact. We are of the opinion that it was and the judgment is affirmed.
For the above and foregoing reasons the judgment of the district court is affirmed at defendant-appellant’s costs.
Affirmed.