SAMUEL, Judge.
Plaintiff brought this suit for personal injuries and related damages against two defendants, Alton Wheat and The Circle Drilling Company. The two defendants filed a third party petition against Leonard B. Hebert, Jr., P. A.,Tesson, W. W. Scott, Anthony J. DiBenedetto, Laszlo Gyomlai, Gurtler Hebert and Company, Inc., and St. Louis Fire and Marine Insurance Company seeking judgment against the third party defendants for full indemnity and, alternatively, legal contribution in the event of a judgment in favor of the original plaintiff.
Following a trial on the merits the district court rendered judgment rejecting the original plaintiff’s demand (on the ground of contributory negligence) and dismissing the third party demand. The original plaintiff devolutively appealed in forma pauperis. Subsequently, for the purpose of protecting their third party demand in the event of a reversal of the trial court judgment on the original demand, the third party plaintiffs devolutively appealed from that portion of the judgment which dismissed their third party demand.
In this court the third party defendants, appellees in the second appeal, have timely filed a motion to dismiss that appeal on the ground that “ * * * the costs in the trial court for preparing the record on appeal and the filing fee required * * * ” by this court were not paid by the third party appellants three days prior to the last extended return date. The motion to dismiss is the only matter before us at this time.
Under LSA-R.S. 13:4445 and LSA-C.C.P. Articles 2126 and 2127 an appellant is required to pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, the fees due the clerk of the appellate court for filing the record, and the cost of transmitting the record to the clerk of the appellate court; the trial clerk is not required to lodge the record with the appellate court unless such costs and fees are paid. The question of an appellant’s failure to comply with these requirements becomes moot when the trial clerk does timely file the record in the appellate court, and does timely pay the appellate court’s filing fee, because the purpose of the article is to assist the trial clerk in collecting such fees and costs in time to file the record by the return day or the extended return day. McBride v. Plaquemines Parish Democratic Exec. Com., La.App., 203 So. 2d 569; American Steel Building Company v. Brezner, La.App., 155 So.2d 83; Matlock *581 v. Allstate Insurance Company, La.App., 153 So.2d 776.
The record reveals the appeal by the third party plaintiffs, and the required bond, were taken and posted timely. It is devoid of any evidence relative to whether or not those appellants made any payments to the trial clerk. However, we are satisfied from the pleadings filed in this court that they did not pay to the trial clerk, either within the three day period prior to the extended return day or thereafter, any fee due the clerk of this court; and we know from our own records that the trial clerk did not pay a filing fee to the clerk of this court. Apparently in connection with the appeal taken in forma pauperis by the original plaintiff, the trial clerk filed the entire record in this court, including that portion of the record which is concerned with the third party demand.
Clearly, under the rule stated above the first part of movers’ contention, that the third party appellants failed to timely pay the trial clerk the costs of preparing the record on appeal, is without merit. The trial clerk having timely filed the record in this court, that question is moot.
Nonpayment of the appellate court’s filing fee presents a different problem. Although we do not reach the question of whether the appeal must be dismissed for failure to timely pay a filing fee due this court, it does appear that, especially in the absence of any other circumstances, dismissal of the appeal under attack would be reqitired if a fee is due the clerk of this court for filing the record of appeal.
The only requirement for such a fee known to us is found in LSA-R.S. .13:352, which reads in pertinent part:
“The clerks of all of the courts of appeal shall charge the following fees:
(1) For filing the record of appeal— twenty-five dollarsLSA-R.S. 13:352.
The statute requires the clerks of the courts of appeal to charge twenty-five dollars for filing the record of appeal. As we have pointed out, in the instant case the entire record, including that portion concerned with the appeal taken by the third party appellants, has been filed in this court in connection with the first appeal, which was taken by the original plaintiff. As the quoted part of the statute requires and authorizes a fee to be charged by the clerk of this court only for filing the record of appeal, and as that record already has been filed, we conclude no filing fee was due by the third party appellants. Accordingly, the motion to dismiss must be denied. '
For the reasons assigned, the motion to dismiss is denied.
Motion denied.