240 So.2d 237 (1970)
Joseph Roosevelt GREMILLION
v.
Salvadore J. RINAUDO et al.
No. 8311.
Court of Appeal of Louisiana, First Circuit.
September 21, 1970.
Rehearing Denied October 15, 1970.
*238 Alfred E. Mitchell, Plaquemine, for appellant.
Picou & D'Aquila, New Roads, for Salvadore J. Rinaudo and others.
Samuel C. Cashio, Maringouin, for Democratic Executive Committee.
Isadore G. Olinde in pro. per.
Before LANDRY, SARTAIN and BLANCHE, JJ.
PER CURIAM.
This appeal by plaintiff Gremillion is from the judgment of the trial court rejecting his suit, pursuant to LSA-R.S. 18:364, for a recount of the ballots cast in a Democratic Primary Election held August 15, 1970, to name a party nominee for the office of Pointe Coupee Parish School Board, Ward 9.
Named defendant in the suit was Salvadore J. Rinaudo, appellant's sole opponent, who was declared the nominee by the Pointe Coupee Parish Democratic Executive Committee (Committee) upon tabulation of the election results which showed that Rinaudo received 1116 votes to appellant's 1089. The Committee, its members individually, and I. G. Olinde, Clerk of Court, Pointe Coupee Parish, the latter both individually and as Committee Member, were also made parties to the action.
Exceptions of misjoinder of parties and no right and no cause of action were filed on behalf of the Committee, its members individually, and Olinde as Clerk of Court. These exceptions were predicated on the contention that the applicable statute requires an election contest to be filed against the contestee, not the Committee.
Defendant Rinaudo filed a declinatory exception to the citation on the ground that plaintiff failed to obtain an order directing that the petition be answered within five days as required by the pertinent statute. Rinaudo also excepted to the petition as containing no cause and no right of action because (1) it failed to allege in detail the irregularities charged; (2) it failed to pray that appellant be declared the nominee or, alternatively, that the election be set aside for fraud, and (3) the petition failed to show that the alleged irregularities did in fact change the result of the election.
*239 Rinaudo also answered denying existence of any fraud or irregularities and prayed for the dismissal of plaintiff's suit. Pursuant to stipulation by counsel for each defendant, all exceptions were referred to the merits by the trial court which permitted appellant an opportunity to prove his charges of irregularities. Upon conclusion of the trial, the lower court dismissed the action as to the Committee, its members and Olinde upon said defendants' exceptions of misjoinder of parties. Rinaudo's exception to the citation was overruled but his exception of no cause of action was sustained upon the finding that the petition did not state the alleged irregularities in sufficient detail as required by LSA-R.S. 18:364, and the jurisprudence interpretative thereof. From this judgment plaintiff has appealed.
In this Court contestee Rinaudo has timely moved to dismiss the appeal on the ground that appellant did not timely pay the costs provided for by LSA-C.C.P. Article 2126 and the entire record was not lodged in this court by the return date.

ON MOTION TO DISMISS THE APPEAL
It is conceded that the transcript (minus the evidence taken at the trial on the merits) was lodged in this Court by the Clerk of the trial court on the return date, which was September 2, 1970. It is stipulated that the costs due for filing the appeal in this Court were paid by appellant on the return date, at which time the court reporter had not transcribed the evidence taken at the trial below. It is further stipulated that on September 3, 1970, the Clerk of the trial court mailed appellant's counsel a statement of costs due the trial court in the sum of $90.00. The statement was received by counsel on September 6, 1970. On that same day counsel forwarded the Clerk of the trial court a check for $90.00 which remittance was received on September 8, 1970. The motion to dismiss this appeal was filed on the return day.
The thrust of the motion to dismiss is that the failure to timely pay the filing costs required by LSA-C.C.P. Article 2126 is jurisdictional and where the costs are not punctually paid the appellate court lacks jurisdiction. Alternatively, it is argued that failure to seasonably file the entire record in the appellate court, defeats the appeal.
In so contending appellee cites and relies on Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666; Bascle v. Perez, 224 La. 1014, 71 So.2d 551; Jeanfrau v. Plaquemines Parish Democratic Executive Committee, 204 La. 713, 16 So.2d 241; Johnson v. Patout, La.App., 199 So.2d 199, and Chenevert v. Lower Coast Corporation, La.App., 205 So.2d 453.
Our review of Thompson v. Bamburg, above, reveals that it holds that failure to timely file the transcript of appeal is jurisdictional and can be raised by motion to dismiss filed at any time after the transcript is lodged. Hudson v. Garrett, 47 La. Ann. 1534, 18 So. 510, and other authorities are cited in support thereof. However, the most recent expression of the Supreme Court found in Favrot v. Favrot, 252 La. 192, 210 So.2d 316, expressly holds that once the appeal bond is timely filed, jurisdiction attaches in the appellate court. Thereafter, according to Favrot, above, the appellate court can dismiss an appeal only upon the grounds and in the manner provided for in our Code of Civil Procedure. The Supreme Court also noted that since appeals are favored in law, they should be maintained unless a legal ground for dismissal is clearly shown, citing Portier v. Marquette Casualty Company, 245 La. 702, 160 So.2d 585, and Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62 as authority for its holding.
After noting the foregoing, the Court in Favrot, above, quoted in full LSA-C.C.P. Article 2161 which provides (1) that an appeal shall not be dismissed because of an irregularity unless it is imputable to appellant, *240 and (2) that except as otherwise provided in LSA-C.C.P. Article 2162, a motion to dismiss an appeal due to an irregularity attributable to appellant must be filed within three days of the return date or the date on which the record is lodged, whichever is later. The Court likewise noted that a material omission from a record is an irregularity or defect within the intendment of Article 2162, above.
From the foregoing we deduce that the timely filing of the appeal bond in this instance vested jurisdiction in this Court. In view of the pronouncement in Favrot, above, the authorities cited by appellee can no longer (if they ever were) be regarded as the basis for holding that failure to timely pay filing fees is fatal to an appeal and may be raised by an appellee at any time.
As we view Favrot, above, failure to pay such fees does not defeat an appeal unless the failure is due to appellant's fault and appellee raises the issue within the three day delay provided in LSA-C.C.P. Article 2161.
The jurisprudence, with which we are in agreement, establishes that even though filing costs are not timely paid, if the appeal is in fact lodged by the Clerk of the trial court on time, the matter of non-payment of costs becomes moot and the appeal will not be dismissed. Vogt v. Wheat, La.App., 222 So.2d 579. Here, the motion to dismiss was filed within the three day delay provided in Article 2161, above, and would have been ground for dismissal but for the fact that notwithstanding failure of appellant to pay the costs, the appeal was lodged by the Trial Court. Vogt v. Wheat, above.
Moreover, the jurisprudence also establishes that appellant is not obliged to pay costs and must be deemed without fault in failing to pay costs until such time as he is notified of the amount thereof by the Clerk of the trial court. Thompson v. Warmack, La.App., 229 So.2d 352 and cases therein cited.
Here the record indicates that appellant was not aware of the costs involved until notified by the Clerk of the Trial Court of the amount thereof after the return date had expired. Under these circumstances it cannot be said that failure to timely pay was appellant's fault.
The record before us merely shows that by the return date, the Court stenographer had not transcribed the evidence taken at the trial on the merits. The reason the testimony was not transcribed by the return date does not appear of record. It could be there was insufficient time for the stenographer to complete the process prior to the return date. Under the circumstances failure to timely file the transcript of testimony has not been shown to be imputable to appellant's fault.
The motion to dismiss the appeal is denied.
ON THE EXCEPTIONS OF MISJOINDER
 OF PARTIES AND NO
 RIGHT AND NO CAUSE OF ACTION
The specific statute governing the incidents of a suit contesting the results of primary election, L.R.S. 18:364, prescribes in great detail the time and venue requirements, the necessary allegations which must be made and the relief which may be obtained by a successful contestant. Inasmuch as procedural and substantive incidents in election disputes had been litigated several times prior to this enactment in 1940, it must be presumed that the legislature intended the section to be the comprehensive, definitive and controlling statement of law relative to such incidents. Section 364 clearly states that a contestant shall bring his action in the parish in which the contestee resides, that after the petition is filed the judge or clerk shall issue an order directing the contestee to answer the petition and that the contestee shall answer the petition within five days after service upon him. There is no indication in any other provision of L.R.S. 18:364 that any *241 other party to such an action is contemplated. If the Section is interpreted to be comprehensive and controlling, and because of its great detail we believe that to be the correct interpretation, there is absolutely no authority for joining either a party committee or clerk of court in any action instituted under its provisions and for that reason we affirm the trial court's rulings in dismissing the suit as to both the party committee and the clerk of court on proper exceptions of misjoinder of parties.
L.R.S. 18:364 further prescribes the sufficiency of the allegations which the contestant must make in order to state a cause of action. If the contestant "claims that but for irregularities or fraud he would have been nominated or that he would have been entitled to enter a second primary and desires to contest the election, * * * the petition shall set forth specifically in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made". If the contestant alleges "on information and belief that a proper recount of any box or boxes * * * would change the result of the election, (he may) require the recount of all or any specified ballot boxes * * * It shall not be necessary in order to obtain the recount to allege or prove any specific fraud or irregularity."
The petition of the contestant in the instant case contains a claim of irregularities and also a claim that a recount of the absentee ballots would change the result of the election.
The allegations of irregularities must be measured against the requirement of specificity. Our jurisprudence has consistently held that the petition must allege particularized instances of irregularities, fraud or wrongdoing, in detail sufficient to permit the contestee to prepare a defense thereto. Landry v. Ozenne, 194 La. 853, 195 So. 14; Crump v. Barrow, La.App., 209 So.2d 609.
The petition alleges in Paragraph 6 that one named person voted for Mr. Rinaudo, the contestee, by absentee ballot and again in person on the voting machine. Following the election this mistake was recognized by the Pointe Coupee Parish Democratic Executive Committee and accordingly the total vote for Mr. Rinaudo was reduced by one vote.
The petition alleges in Paragraphs 14 and 15 other irregularities:

"14.
The absentee ballots were cast by person not listed on the voting rolls, non-resident, person present and at poll on day of election, and by person who voted at another precinct in person.

15.
Qualified registered voters were not permitted to vote due to omission from the voting rolls."
Because there is no specification of the number or identities of the persons referred to, we find that there is insufficient information from which the contestee could prepare a defense. Where the allegations of an election contest petition are general and uncertain and contain no allegation of protest regarding the alleged irregularities, they are too general to state a ground for contest. Lewis v. Democratic Executive Committee of Eunice, 232 La. 732, 95 So.2d 292; Landry v. Ozenne, supra.
The petition charges two statutory violations as further irregularities: first, that a named uniformed police officer assisted both whites and blacks in the voting machines at a specified precinct, in violation of an express prohibition of L.R.S. 18:363; and second, that six commissioners were working at one precinct in violation of L.R.S. 18:339, which requires that five commissioners shall conduct the primary election at each polling precinct. It is significant that no charge of fraud, intimidation, threat or other wrongdoing attending these circumstances is made and certainly these allegations standing alone cannot support *242 the contention that but for such irregularities the outcome of the election would have been different and the contestant would have been nominated. At the trial on the exceptions, only one witness appeared who admitted that the policeman helped him into the voting booth, but he further testified that his vote was not in any way influenced thereby.
The remaining substance of the contestant's petition rests on the contention that a proper recount of the absentee ballots would change the result of the election. Inasmuch as L.R.S. 18:364 states expressly that it shall not be necessary in order to obtain a recount to allege or prove any specific fraud or irregularity, we believe that the petition in this respect is sufficient. In the case of Brown v. Adams, La.App., 9 So.2d 699, 702, the court disposed of this precise question in favor of the contestant:
"In this case plaintiff has alleged as fully as it is possible for him to do, his cause of action. His allegations virtually embody the language of the statute. He is not required to do more. From the very nature of the case he cannot do more. He does not know and cannot know until a recount is had the exact number of ballots miscalled to his prejudice; but he believes, and so believing, alleges that a sufficient number have been miscounted to defraud him of the nomination; that is, to alter the true result of the election and produce a spurious result. In a case of this character, should an aggrieved candidate be required to allege specifically the exact number of votes of which he has been defrauded through miscounting, in order to have standing in court to ask for a recount, the right to such procedure would be an empty one. Such a rule would invite fraudulent miscounting of votes on the part of partisan commissioners with little or no means of contesting a result thereby procured. The defrauded candidate and his friends have no opportunity to witness the calling of the ballots. He must rely upon indirect facts and circumstances after the result of the court is announced to determine if he has had a square deal. Doubtless, because of this situation, the Legislature has provided a simple and easy method of ascertaining the correct vote of any box or boxes challenged by a candidate having the right to do so."
However, the record of the court below at the trial on the exceptions reveals that all absentee ballots were in fact recounted in open court and the original tabulation was proved to be correct.
We wish to note in closing that following oral argument in this court, plaintiff-appellant, was given additional time in which to have the testimony taken in this cause transcribed and filed in and made a part of the record lodged with us. We have reviewed the testimony in detail and are fortified in our opinion that not only did the plaintiff's petition fail to state a cause of action (save and except his request for a recount of two boxes), the evidence falls far short of even substantiating his allegations as to fraud and irregularities.
Accordingly, for the above and foregoing reasons the judgment of the trial court sustaining defendant's (Rinaudo) exception of no cause of action is reversed insofar as it pertained to plaintiff's prayer for a recount. In all other respects the judgment sustaining the exception is affirmed. Judgment is further rendered herein declaring that the two boxes wherein the votes were recounted and as tabulated by the Pointe Coupee Parish Executive Democratic Committee are correct and judgment on the merits in this respect is in favor of the defendant, Salvadore J. Rinaudo, and against plaintiff, Joseph Roosevelt Gremillion, and the demand of the plaintiff to be declared the winner in this election contest is denied. The plaintiff, Joseph Roosevelt Gremillion, is further cast for all costs.
Affirmed in part, reversed in part and rendered.