| plaintiffs, Lawrence Galle and Eliza Eugene, appeal the trial court’s September 3, 2014 judgment denying their petition to disqualify Samuel Davenport as a candidate for the office of United States Representative of Louisiana’s Second Congressional District. For reasons that follow, we affirm.
On August 22, 2014, Samuel Davenport filed a notarized “Notice of Candidacy” for the office of United States Representative of Louisiana’s Second Congressional District. On August 29, 2014, plaintiffs filed an “Objection to Candidacy and Petition to Disqualify Candidate” in Civil District Court for the Parish of Orleans. In that petition, plaintiff Galle alleged that he is a registered voter and qualified elector in the Parish of Orleans, and plaintiff Eugene alleged that she is a registered voter and qualified elector in the Parish of St. John the Baptist. Both plaintiffs alleged that they are qualified electors in Louisiana’s Second Congressional District.
Plaintiffs based their objection to Davenport’s candidacy on La. R.S. 18:492(A)(1), which states:
LA. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
*58 (1)The defendant failed to qualify for the primary election in the manner prescribed by law.
Plaintiffs alleged that Davenport’s Notice of Candidacy form was defective and fatally flawed for the following reasons:
(1) Davenport certified that he was running for a primary election to be held on August 20, 2014 when there is no Congressional election scheduled in Louisiana on that date;
(2) Davenport listed his domicile as 317 St. James Place, Laplace, Louisiana 70068, and certified that he was a duly qualified elector of St. John the Baptist in Ward/District 1, Precinct 5 when he. was not a resident, registered voter or qualified election in the Parish of St. John the Baptist at the time that he qualified for office; and
(3) Davenport certified that, “All the statements contained herein are true and correct.”
Based on these allegedly false statements, plaintiffs maintain that Davenport must be disqualified as a candidate on the November 4, 2014 ballot.
In response to plaintiffs’ petition, Davenport raised the declinatory exception of insufficiency of service of process and the peremptory exception of no cause of action. In support of his exception of insufficiency of service of process, Davenport argued he was not served with citation after service was made on the Clerk of Court, and that there was no “diligent effort” to effect personal service on him as required by La. R.S. 18:1408. In support of his exception of no cause of action, Davenport states that plaintiffs’ petition does not state a valid cause of action because there is no allegation that he does not meet the requirements to |sserve in the United States House of Representatives as set forth Article I, 2, cl. 2 of the United States Constitution.
Following the hearing on plaintiffs’ objection to candidacy, the trial court rendered judgment denying the petition to disqualify Davenport and denied the requests of both plaintiffs and Davenport for attorneys’ fees and costs. In reasons for judgment,[1] the trial court stated that plaintiffs failed to prove that they had standing[2] to object to Davenport’s candidacy, and that their failure to submit any evidence to support this element of their case was fatal to their action. Although plaintiffs alleged in their petition that they were registered voters and qualified electors in the Second Congressional District, their petition was unverified and no stipulation or testimony was offered at the *59 hearing in support of this allegation. Because the trial court found that lack of standing is dispositive of this matter, the court stated that it did not need to reach the remaining issues raised by the parties. Plaintiffs now appeal.
In their sole assignment of error, plaintiffs argue that the trial court erred in denying plaintiffs’ Objection to Candidacy and Petition to Disqualify Candidate | ¿based solely on standing and in not addressing the merits of plaintiffs’ election challenge. Plaintiffs argue that the ruling of the trial court should be reversed.
In an election contest, the person opposing the candidacy bears the burden of proving the candidate is disqualified. Becker v. Dean, 2003-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869. The laws governing the conduct of elections must be liberally construed so as to promote rather than defeat candidacy. Id. Any doubt as to the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. Id.
Plaintiffs argue that the proper procedure to object to standing is a peremptory exception of no right of action, which could have been raised by Davenport or by the trial court on its own motion. Because the issue of standing was not raised by Davenport or the trial court at any time prior to or during the hearing of the matter, plaintiffs argue that the trial court erred in dismissing plaintiffs’ suit for lack of standing without allowing the plaintiffs to cure any alleged deficiencies on this issue.
In Howard v. Administrators of the Tulane Educational Fund, 2007-2224 (La.7/1/08), 986 So.2d 47, the Louisiana Supreme Court stated the following rules regarding an exception of no right of action:
When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to .institute the suit. Harry T. Lemmon & Frank L. Maraist, 1 Louisiana Civil Law Treatise, Civil Procedure 6.7, 121 (West 1999). The objection is urged through the peremptory exception of no right of action raised by the defendant or noticed by the court on its own motion, in either the trial or appellate , court. Id.; La.Code Civ. Proc. arts. 927 and 2163. If the pleadings fail to disclose a right of action, the claim may be dismissed without evidence, but the plaintiff should be Ispermitted to amend to state a right of action if he or she can do so. Lemmon & Maraist, supra; R.G. Claitor’s Realty v. Juban, 391 So.2d 394, 398-99 (La. 1980); La.Code Civ. Proc. art. 934. If the pleadings state a right of action in the plaintiff, the exceptor may introduce evidence to controvert the pleadings on the trial of the exception, and the plaintiff may introduce evidence to controvert any objections. Lemmon & Maraist, supra; La.Code Civ. Proc. art. 931.
Id., pp. 16-17, 986 So.2d at 59-60; (footnote omitted).
In this case, although the trial court had the right to notice an exception of no right of action on its own motion, the record shows that at no time prior to the final judgment in this matter were plaintiffs made aware that there was any issue as to their standing to bring this action. As a result, plaintiffs had no opportunity to introduce evidence to controvert any objections to their right to bring this action.
A similar situation was presented in the case of Eubanks v. Hoffman, 96-0629 (La. App. 4 Cir. 12/11/96), 685 So.2d 597. In Eubanks, the trial court dismissed a plaintiffs claim for no right of action, and plain *60 tiff argued on appeal that he was not given an opportunity in the trial court to present evidence to show his right of action. Agreeing with the plaintiffs argument, this Court stated:
Thus, we might affirm the trial court’s dismissal of Mr. Eubanks’ claim, under an exception of no right of action, but we are concerned that Mr. Eubanks did not have the required procedural opportunity to present evidence to prove that he, as opposed to Diamond, has a right of action for recovery of the alleged advances. Mr. Eubanks’ brief states that at no time did Mr. Hoffman or Resource Development file an exception of no right of action and, based upon our review of the record, Mr. Eubanks appears to be correct in that regard. Thus, it appears that the trial court raised the exception of no right of action upon its own motion which, of course, the trial court had authority to do. La. Code Civ. Proc. art. 927; Teachers’ Retirement System v. Louisiana State Employees’ Retirement System, 456 So.2d 594, 598 (La.1984). Mr. Eubanks’ brief also states that, at no time during the trial, was Mr. Eubanks’ right of action ever questioned and, | abased upon our review of the trial transcript, that appears to be correct as well. Thus, the first notice to Mr. Eubanks that his right of action was at issue came in the trial court’s Judgment and Reasons For Judgment which decided the entire case. That is, at no time prior to submission of the case to the trial court for decision, was Mr. Eubanks put on notice, by the pleadings or otherwise, that he needed to present evidence to show his right of action.
Id., pp. 4-5, 685 So.2d at 599.
Although this Court, in Eubanks, vacated the trial court’s dismissal of plaintiffs claim for no right of action, and remanded the case for an evidentiary hearing as to plaintiffs right of action, such action is not necessary in the instant case. The trial court’s statements regarding plaintiffs’ failure to prove standing are part of the reasons for judgment, which are not controlling and do not constitute the judgment of the court. Kaufman v. Adrian’s Tree Service, Inc., 2000-2381, p. 3 (La.App. 4 Cir. 10/31/01), 800 So.2d 1102, 1104. Furthermore, even assuming that plaintiffs have standing, we find no error in the trial court’s denial of plaintiffs’ objection to Davenport’s candidacy based on our conclusion that Davenport’s exceptions of insufficiency of service of process and no cause of action have merit.
In support of his exception of insufficiency of service of process, Davenport cites La. R.S. 18:1407 and 18:1408. La. R.S. 18:1407 states:
By filing notice of candidacy a candidate appoints the clerk of court for each parish in which he is to be voted on as his agent for service of process in any action objecting to his candidacy, contesting his qualification as a candidate in a general election, or contesting his election to office.
La. R.S. 18:1408(A) states:
If service of process is to be made on the appointed agent, as authorized by R.S. 18:1407, such service shall |7be made by serving citation on this agent, but at the same time that service is made on the appointed agent, a diligent effort shall be made to make personal service on the defendant at his domiciliary address as shown by his qualifying papers.
As noted by the trial court in reasons for judgment, the record shows that on August 29, 2014, Arthur Morrell, Clerk of Court for Orleans Parish Criminal District Court, was served with this lawsuit in his capacity as Davenport’s agent for service *61 of process pursuant to La. R.S. 18:1407. However, there is no evidence or allegation in the record that Davenport was ever served with process, or that any effort was made, diligent or otherwise, to make personal service on him at his domiciliary address listed on his qualifying form, as is required under La. R.S. 18:1408(A). Significantly, plaintiffs have not presented any argument to the contrary, either at the hearing in this matter, in their response to Davenport’s posttrial brief or in their appeal brief.
Plaintiffs do not dispute the statement of Davenport’s attorney made at the hearing that Davenport first learned of the lawsuit challenging his candidacy on the morning of the hearing when a friend told him about it. Considering that the laws governing the conduct of elections must be liberally construed so as to promote rather than defeat candidacy, Becker v. Dean, supra, we conclude that the failure to attempt to serve Davenport with this lawsuit is sufficient reason alone to affirm the trial court’s denial of plaintiffs’ objection to Davenport’s candidacy. Additionally, we find no error in the trial court’s judgment because plaintiffs’ petition fails to state a valid cause of action.
The U.S. Const. Art. I, 2, cl. 2 sets forth qualifications for membership to the United States House of Representatives as follows:
|sNo Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.
See also La. R.S. 18:1275. On the subject of qualifications for membership to the United States House of Representatives, the United States Supreme Court, in Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969), further stated:
In addition to the three qualifications set forth in Art. I, § 2, Art. I, § 3, cl. 7, authorizes the disqualification of any person convicted in an impeachment proceeding from ‘any Office of honor, Trust or Profit under the United States’; Art. I, § 6, cl. 2, provides that ‘no Person holding any Office under the United States, shall be a Member of either House during his Continuance in Office’; and 3 of the 14th Amendment disqualifies any person ‘who, having previously taken an oath * * * to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof.’
Id. at 521, 89 S.Ct. at 1963, fn. 41. In U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 805, 115 S.Ct. 1842, 1856, 131 L.Ed.2d 881 (1995), the Court stated: “[i]n the absence of any constitutional delegation to the States of power to add qualifications to those enumerated in the Constitution, such a power does not exist.”
The States cannot add to this exclusive list of qualifications. Plaintiffs’ petition makes no allegation that Davenport does not meet the qualifications set forth in the United States Constitution to be elected and serve as a member of the United States House of Representatives.
We are mindful of this Court’s opinion in Williams v. Fahrenholtz, 2008-0961 (La.App. 4 Cir. 7/25/08), 990 So.2d 99, but find that it is distinguishable | afrom the instant case. In Fahrenholtz, this Court was equally divided on the correctness of the trial court’s ruling disqualifying James Fahrenholtz as a candidate in the Second Congressional District for the United States House of Representatives. Pursuant to La. Const. Art. V, § 8(B) and Parfait v. Transocean Offshore, Inc., 2007- *62 1915, 2007-1998, p. 1 (La.S/14/08), 980 So.2d 634, 635, this Court issued a per curiam decree stating that the judgment of the trial court was affirmed in that the Court could not render a majority decree.
In Fahrenholtz, a petition was filed to disqualify the candidacy of Fahrenholtz based on the allegation that the candidate made a false representation on his Notice of Candidacy in that he stated that he did not owe outstanding fines, fees or penalties to the Campaign Finance Oversight Board, when in fact he did. Fahrenholtz filed an exception of no cause of action asserting that candidates for the United States House of Representatives were exempt from the Campaign Finance Disclosure Act (“CFDA.”) Fahrenholtz argued that the qualifications set forth in U.S. Const. Art. I, § 2, cl. 2 are exclusive and that state law cannot add or take away from the stipulated qualifications therein. In finding that the trial court correctly overruled Fahrenholtz’s exception of no cause of action, the five judges of this Court voting to affirm the trial court found that the CFDA did not impose substantial qualifications upon the right to hold the office of a member of the United States House of Representatives.
The instant case does not involve alleged violations of the “CFDA as in Fah-renholtz, and is therefore distinguishable from that case. The plaintiffs’ main argument in this case is that Davenport should be disqualified because he falsely certified that he was domiciled and registered to vote in St. John the Baptist Parish, when he was in fact domiciled and registered to vote in Jefferson Parish. | inPlaintiffs’ arguments regarding Davenport’s incorrect listing of the election date are clearly without merit because that statement was obviously a mistake rather than a false certification.
With regard to the qualifications for membership in the United States House of Representatives set forth in the United States Constitution, it is undisputed that Davenport is currently over twenty-five years of age, and has been a United States citizen for more than seven years. Although it is also undisputed that he is currently an inhabitant of the State of Louisiana, that requirement only exists as of the time of election. Because a State cannot impose additional qualifications for becoming a member of the United States House of Representatives, questions on the Notice of Candidacy as to parish of domicile and parish in which a candidate is a qualified elector are irrelevant as to candidates seeking election to that office.
Given the fact that plaintiffs’ petition does not include any allegation that Davenport does not meet the qualifications for membership in the United States House of Representatives as set forth in the United States Constitution, we conclude that plaintiffs’ petition fails to state a valid cause of action for disqualifying him as a candidate for that office.
For the reasons stated above, we affirm the trial court’s judgment denying plaintiffs’ petition to disqualify Samuel Davenport as a candidate for the office of United States Representative of Louisiana’s Second Congressional District.
AFFIRMED.
McKAY, C.J., concurs in the result.
BAGNERIS, J., concurs in the result.
BELSOME, J., concurs in the result with reasons.
BONIN, J., concurs in the result with additional reasons DYSART, J., concurs, with reasons.
LOVE, J., dissents and assigns reasons.
*63 LOMBARD, J., dissents for reasons assigned by LOVE, J.
JENKINS, J., dissents and assigns reasons.

. The judgment and reasons for judgment were included in the same document, contrary to the mandate of La. C.C.P. article 1918, which states, in pertinent part: "When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.” An appeal lies only from the judgment, not from the reasons. I.F. v. Administrators of the Tulane Educational Fund, 2013-0696, p. 6 (La.App. 4 Cir. 12/23/13), 131 So.3d 491, 496, citing Greater New Orleans Expressway Com’n v. Olivier, 2002-2795, p. 3 (La. 11/18/03), 860 So.2d 22, 24. This error does not invalidate a judgment that is complete and valid except for the inclusion of reasons. Id.

. The statutes cited by the trial court regarding standing to bring a suit objecting to candidacy are La. R.S. 18:491(A), which states that "[a] registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote,” and La. R.S. 18:1401(A), which states that ”[a] qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote.”