GEMRYA WILLIAMS

VERSUS

RANDAL L. GAINES AND ELIANA
DEFRANCESCH, IN HER OFFICIAL
CAPACITY AS CLERK OF COURT FOR THE
PARISH OF ST. JOHN THE BAPTIST, STATE
OF LOUISIANA

NO. 24-CA-2

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 81,271, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

January 05, 2024

11:05 am

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, Stephen J. Windhorst, John J. Molaison, Jr., and Scott U. Schlegel

<u>**AFFIRMED**</u>
    **MEJ**
    **SMC**
    **SJW**
    **JJM**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
GEMRYA WILLIAMS

    Evan J. Bergeron
    Samuel H. Winston
    Jeigh L. Britton

COUNSEL FOR CURATOR/APPELLEE,
RANDAL L. GAINES

    Robert J. Snyder, Jr.
    William Peter Connick

**JOHNSON, J.**

Plaintiff/Appellant, Gemyra Williams, appeals the trial court's December 28, 2023 judgment that sustained the declinatory exception of insufficiency of service of process in favor of Defendant/Appellant, Randal L. Gaines, rendered in the 40th Judicial District Court, Division "B". For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

The pertinent facts of the case are as follows.

On Friday, December 22, 2023 at 4:28 p.m., an electronic filing of a "Verified Petition Objecting to the Candidacy of Randal L. Gaines," which was filed by Ms. Williams, was transmitted to the Clerk of Court for the Parish of St. John the Baptist, Eliana DeFrancesch. In her petition, Ms. Williams asserted that she was an adult resident of St. John the Baptist Parish and an eligible registered voter who intends to vote in the March 23, 2024 election for the Democratic State Central Committee (hereinafter referred to as "the DSCC"). She alleged that Mr. Gaines—a qualified DSCC candidate for District 57, Office B, in the March 23, 2024 election—falsely certified on his notice of candidacy form that he had filed his federal and state income tax returns for the previous five years, had filed an extension of time for filing either his federal or state tax return or both, or was not required to file either a federal or state income tax return or both. She also alleged Mr. Gaines falsely certified that he did not owe any outstanding fees, fines, or penalties pursuant to the Campaign Finance Disclosure Act. Because of the alleged false certifications, Ms. Williams sought to have Mr. Gaines disqualified as a candidate for the DSCC District 57, Office B election.[1] Ms. Williams requested rushed service of the petition *via* special process server upon Mr. Gaines and

---

[1] In her prayer, Ms. Williams also requested that a trial on the merits be set within four days of the filing of the action, said trial to commence no later than 10:00 a.m. on the trial date, and the Clerk of Court be directed to immediately post the action as required by Louisiana law.

Eliana DeFrancesch.[2]  The petition was stamped as filed on Wednesday, December 27, 2023 at 8:24 a.m. by the Clerk of Court.

The rule to show cause hearing was set by the trial court for December 27, 2023 at 10:00 a.m.  There is a handwritten notation on the order stating, "As this was received by Judge at 9:00 a.m. on December 27, 2023."  The rule to show cause hearing began at 10:48 a.m.  At the beginning of the hearing, Ms. Williams' attorney requested that a curator be appointed to represent Mr. Gaines, due to the lack of personal service of the petition on him, and the request was granted.  The trial court subsequently appointed Robert Snyder as Mr. Gaines' curator *ad hoc*.

During the hearing, Mr. Gaines, through his court appointed curator, raised various objections, exceptions, and motions prior to the commencement of the trial.[3]  Of importance, he raised a declinatory exception of insufficiency of service of process.  To support his exception, Mr. Gaines called Felicia Feist, the Chief Deputy Clerk of Court for the Parish of St. John the Baptist.  On direct examination, she acknowledged being aware the candidacy challenge had been filed, and she testified that the electronic filing had not been posted in a conspicuous place on December 22, 2023 because it was electronically filed.  Mrs. Feist further testified that she was served with the petition on the Clerk of Court's behalf.  In regards to Mr. Gaines' notice, she stated, "I know that they had left him a voicemail.  I'm not sure if they spoke with him or not."  She further stated that she did not think Mr. Gaines had been served at the time of the hearing.

On cross-examination, Mrs. Feist answered affirmatively when asked if it was the obligation of the Clerk of Court to serve the candidate when there are objections to the candidacy.  She stated that the petition was received shortly

---

[2] However, no special process server was appointed by the Clerk of Court or retained by Ms. Williams.

[3] Among the complaints, Mr. Gaines argued that the trial did not commence at 10:00 a.m. within four days after the qualifying period ended; the petition was not filed within seven days after the close of the qualifying period and was, therefore, perempted; the DSCC position was not challengeable under the Election Code; and, Ms. Williams had no right or cause of action in this matter.

before 9:00 a.m. that day and contact with Mr. Gaines was attempted by telephone. On cross-examination, Mrs. Feist reiterated that she was not aware of the petition being posted in a conspicuous place.

At the conclusion of the hearing, the trial court stated that Mr. Gaines, through his appointed curator, made a special appearance solely to object to the insufficiency of service of process, and it sustained that exception. The court reasoned that there was no indication a reasonable attempt was made to serve Mr. Gaines at his home. The court further reasoned that there was no conspicuous posting of the objection to Mr. Gaines' candidacy. The trial court rendered a written judgment and reasons for judgment on December 28, 2023 at 1:07 p.m. The judgment stated that the "Exception(s) in this matter be and is hereby **GRANTED** in favor of Defendant Randle (sic) Gaines;" found that Mr. Gaines was not disqualified as a candidate for DSCC; pretermitted all other matters; and dismissed Ms. Williams' action.

On January 4, 2024, this Court issued an order, instructing the trial court to amend its judgment on the basis that the judgment indicated one or more exceptions were granted; however, which exception or exceptions the trial court considered and granted could not be determined from the judgment itself. The trial court subsequently rendered an amended judgment and written reasons for judgment on January 4, 2024 at 11:54 a.m. The amended judgment maintained Mr. Gaines' candidacy; sustained the exception of failure to properly serve or notify the defendant; and dismissed Ms. Williams' candidacy challenge. The instant appeal by Ms. Williams followed.

## LAW AND ANALYSIS

On appeal, Ms. Williams alleges that the trial court incorrectly sustained Mr. Gaines exception, thus, precluding a trial on the merits as to whether Mr. Gaines is a qualified candidate for the election of DSCC, District 57, Office B. She argues

that the circumstances of this case are unique, and she and her counsel made their best, good faith efforts to comply with the procedural requirements of the Election Code; however, they were prevented from doing so by the actions of the trial court and the Clerk of Court. She contends that service in this matter was sufficient, and the trial court's assessment 1) plainly ignores that La. R.S. 18:1408(C) provides that service on the Clerk of Court and the posting of the petition is sufficient to confer personal jurisdiction, and 2) fails to identify any penalties provided in La. R.S. 18:1408 in the event a "diligent effort" to personally serve a defendant is not or cannot be made.

Ms. Williams maintains that requiring a plaintiff to additionally attempt personal service on a defendant when service has been effected on that defendant's agent would render La. R.S. 18:1408(C) meaningless and would place more onerous service requirements on this summary proceeding than is required for ordinary proceedings. Ms. Williams further contends that service on Mr. Gaines prior to trial of the objection would have been impossible because the Clerk of Court did not issue the citation and rule until after 9:00 a.m. for a hearing scheduled to begin at 10:00 a.m. on the same morning.

Mr. Gaines avers that Ms. Williams' attempt to cast blame on the trial court and the system cannot withstand scrutiny. He asserts that Ms. Williams made no efforts to alert him, the Clerk of Court, or the court in some manner of her petition that was electronically filed merely two minutes before the deadline and impending holidays. Mr. Gaines further asserts that Ms. Williams failed to present any evidence that the petition was conspicuously posted, as required by La. R.S. 18:1406(A); thus, her action was not "instituted" under the Election Code requirements. He maintains that Ms. Williams' judicial confession that the petition was posted on December 27, 2023, at the earliest, should conclude the inquiry on

whether the petition was conspicuously placed.

In an election contest, the person opposing the candidacy bears the burden of proving at trial that a candidate is disqualified. *Eugene v. Davenport*, 14-953 (La. App. 4 Cir. 9/9/14), 150 So.3d 56, 59, citing *Becker v. Dean*, 03-2493 (La. 9/18/03), 854 So.2d 869. The laws governing the conduct of elections must be liberally construed so as to promote rather than defeat candidacy. *Id.* Any doubt as to the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. *Id.*

According to La. R.S. 18:1407, "By filing notice of candidacy a candidate appoints the clerk of court for each parish in which he is to be voted on as his agent for service of process in any action objecting to his candidacy, contesting his qualification as a candidate in a general election, or contesting his election to office."

Furthermore, La. R.S. 18:1408 provides,

A. If service of process is to be made on the appointed agent, as authorized by R.S. 18:1407, *such service shall be made by serving citation on this agent, but at the same time that service is made on the appointed agent, a diligent effort shall be made to make personal service on the defendant at his domiciliary address as shown on his notice of candidacy*.

B. When service is made on the appointed agent, he shall immediately notify the defendant by telephone and send notice thereof, together with a copy of the citation, by electronic mail to the address listed on his notice of candidacy. If the defendant did not list an electronic mail address on his notice of candidacy, the appointed agent shall mail a copy of the citation to the defendant at his domiciliary address as listed on his notice of candidacy.

C. Service of process on and citation of the appointed agent, together with the posting of the petition as provided in R.S. 18:1406, shall be sufficient service to give the trial court jurisdiction over the person of the defendant.

(Emphasis added).

In *Eugene*, *supra*, the Louisiana Fourth Circuit considered a candidacy challenge where the challenger failed to present any evidence that the candidate

received service of process of the petition, or that any effort was made, diligent or otherwise, to make personal service on the candidate at his domiciliary address listed on his qualifying form. The appellate court found that, considering the laws governing the conduct of elections must be liberally construed so as to promote rather than defeat candidacy, the failure to attempt service on the candidate with the action was sufficient reason alone to affirm the trial court's denial of the challenger's objection to the candidacy. *Id.* at 61.

Likewise, in this matter, although Mr. Gaines' agent for service of process—the Clerk of Court for the Parish of St. John the Baptist, Mrs. DeFrancesch—was served with the action, there was no evidence or assertion in the record that any effort was made by Ms. Williams, diligent or otherwise, to make personal service on Mr. Gaines at his home address. While Ms. Williams relies upon the effort by the Clerk of Court to notify Mr. Gaines and the argument that it was "impossible" to serve him prior to the hearing, we cannot disregard La. R.S. 18:1408(A)'s provision requiring the challenger's diligent effort to notify the candidate, in addition to the service made upon the appointed agent. Because Ms. Williams failed to show any attempt on her behalf to notify Mr. Gaines of the candidacy challenge, we find that her failure is a sufficient reason alone to affirm the trial court's judgment.

Additionally, Ms. Williams failed to present evidence to the trial court that the petition was posted in a conspicuous place. Pursuant to La. R.S. 18:1406(A), an action objecting to candidacy shall be instituted by filing a petition in a court of competent jurisdiction and venue and posting a copy of the petition in a conspicuous place at the entrance of the office of the clerk of court where the petition is filed. Here, the assertion by Ms. Williams' attorney that the petition was placed in a conspicuous place at the courthouse was not considered as evidence presented to and accepted by the trial court. Without evidence being properly

offered and introduced at the trial court hearing to support her claims, we cannot find that Ms. Williams abided by La. R.S. 18:1406 in posting the petition in a conspicuous place.

**DECREE**

For the foregoing reasons, we affirm the trial court's judgment that sustained Randal L. Gaines' exception of insufficiency of service of process and dismissed[4] Gemyra Williams' objection to his candidacy for the March 23, 2024 DSCC District 57, Office B election.  Ms. Williams is assessed the costs of this appeal.

**AFFIRMED**

---

[4] We note that, because the Election Code mandates expedited time restraints, Ms. Williams cannot be afforded the time to cure the insufficient service of process defect; thus, her petition must be dismissed.  "The short time delays are in the interest of the electorate not the private parties litigants.  As such they may not be waived or modified even with the agreement of the litigants and the courts." *Sens v. Plaisance*, 20-382 (La. App. 4 Cir. 8/12/20), 365 So.3d 17, 18, *writ denied*, 20-1014 (La. 8/1920), *quoting*, *Plaquemines Parish Council v. Petrovich*, 95-2263 (La. App. 4 Cir. 10/18/95), 662 So.2d 542, 43.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 5, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-CA-2

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
VERCELL FIFFIE (APPELLANT)        EVAN J. BERGERON (APPELLANT)        JEIGH L. BRITTON (APPELLANT)
SAMUEL H. WINSTON (APPELLANT)     ROBERT J. SNYDER, JR. (APPELLEE)    WILLIAM PETER CONNICK (APPELLEE)

**MAILED**
LEANDRE M. MILLET (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
FORTIETH JUDICIAL DISTRICT
PARISH OF ST. JOHN THE BAPTIST
POST OFFICE BOX 399
1342 HIGHWAY 44 RIVER ROAD
RESERVE, LA 70084