ROSEMARY LEDET, Judge.
11 This is an election-disqualification suit arising out of a race for the office of Louisiana House of Representatives 99th District.[1] Dionisha Graham and Derrick Graham, Sr. — both duly qualified voters and electors in the 99th District — filed this suit objecting to the candidacy of Ray Crawford[2] and seeking to disqualify him. The .Grahams’ sole ground for seeking to disqualify Mr. Crawford was pursuant to La. R.S. 18:492 A(7) — falsely certifying *1150 that he filed his Louisiana individual tax return for one of the previous five years, the 2012 tax year.[3] The trial 12court ruled in the Grahams’ favor, disqualified Mr. Crawford, and ordered that his name be stricken from the ballot. See La. R.S. 18:494 A.[4] From that judgment, Mr. Crawford appeals. The Grahams filed a motion to dismiss the appeal as untimely. For the reasons that follow, we deny the motion to dismiss the appeal and reverse the trial court’s judgment.
FACTUAL AND PROCEDURAL BACKGROUND
On September 8, 2015, Mr. Crawford filed a signed and notarized Notice of Candidacy form for the office of Louisiana House of Representatives 99th District. Included in the form was a certification, as required by La. R.S.18:463 A(2)(a)(iv), to the following:
8. If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax returns or both, or was not required to file either a federal or state income tax return or both.
On September 17, 2015, the Grahams filed an “Objection to Candidacy and Petition to Disqualify Candidate” (the “Original Petition”). The Grahams named as defendants “Raymond C. Crawford” and Tom Schedler, in his capacity as Louisiana Secretary of State. As noted at the outset, the Grahams’ sole ground for their objection to Mr. Crawford’s candidacy was La. R.S. 18:492 A(7) — that he ^falsely certified his Notice of Candidacy form because he did not file his 2012 state tax return. For this reason, they averred that he should be disqualified from running as a candidate on the October 24, 2015 ballot.
On Saturday, September 19, 2015, the Grahams filed a Motion to Amend and Second Amended Objection to Candidacy and Petition to Disqualify Candidate (the “Amended Petition”). The Amended Petition was filed to correct the mistake in the name of the defendant. The Amended Petition renamed the defendant as “Ray Crawford.” The record, however, reflects that the trial court did not sign the order allowing the Grahams to amend the petition until September 28,2015.
On September 21, 2015, the hearing in this matter was held. At the hearing, it was established that the Grahams’ Original Petition was served on Mr. Crawford’s agent for service of process — Arthur Mor-rell, Clerk of Orleans Parish Criminal Dis *1151 trict Court — pursuant to La. R.S. 18:1408.[5] Although Mr. Crawford 14was not personally served, he indicated at the hearing that he received unofficial notice — a telephone call from a third party on the night of Friday, September 18th — and thus he appeared at the hearing pro se. He explained that he had insufficient time to retain counsel.
At the hearing, the following three witnesses testified:
1. the defendant, Mr. Crawford;
2. the Custodian of Records for the Louisiana Department of Revenue (“LDR”), Vanessa LaFleur; and
3. Mr. Crawford’s accountant, Ronald Cojoe.
The only documentary evidence introduced at the hearing was the following:
• the Grahams’ affidavits establishing their standing to bring this suit,
• Mr. Crawford’s Notice of Candidacy Form,
• the LDR’s Public Record Request response (the “LDR’s PR Response”), and
• Mr. Crawford’s “2012 Individual Income Tax Declaration for Electronic Filing” form (the “2012 E-Filing Form”).
Mr. Crawford testified that for the previous five years he was employed as a minister. He testified that he not only filed his 2012 return, but also received a $17.00 refund for that tax year.
Ms. LaFleur, whose job duties include responding to public record requests, testified that the LDR received a public records request for Mr. Crawford’s tax returns for the previous five years. She identified the LDR’s PR Response that she prepared; the LDR’s PR Response indicated that Mr. Crawford filed his state tax | ¡¡returns for all the previous five years except for the tax year 2012. She explained that, as a result of that public records request, it was discovered that “for the tax year 2012 our system does not have a filing for Mr. Crawford.” When asked whether she was absolutely certain that the LDR had no record of Mr. Crawford having filed a state return for the 2012 tax year, Ms. LaFleur replied: “I’m as certain as technology can be certain. We have a system. The system has been checked ever since the request came in up until 9:00 a.m. this morning [September 21, *1152 2015] and we still do not show a filing in our system.”
Following Ms. LaFleur’s testimony, the trial court granted Mr. Crawford’s request for a short recess to allow him to produce his accountant, Mr. Cojoe.[6] When the hearing resumed, Mr. Crawford questioned Mr. Co joe whether he had any documentation showing that Mr. Crawford’s 2012 state tax return was filed. Mr. Cojoe replied that he had the 2012 E-Filing Form, which Mr. Crawford signed on February 8, 2013. Mr. Cojoe, however, acknowledged that the 2012 E-Filing Form only authorized him to file Mr. Crawford’s tax return electronically and that the form did not prove that the LDR actually received his tax return.
In an apparent attempt to bolster Mr. Crawford’s case, Mr. Cojoe testified that in 2012 the LDR underwent a system upgrade, causing several taxpayers’ returns to be deemed as unfiled by LDR. As a result, Mr. Cojoe explained that he had to resubmit several taxpayers’ individual tax returns. Mr. Cojoe, however, | (¡acknowledged that this was not the case for Mr. Crawford who received a refund for 2012.[7] Following this testimony, Mr. Crawford was allowed to recall Ms. La-Fleur, who acknowledged that the LDR underwent a system upgrade in 2012. When questioned regarding the 2012 E-Filing Form, Ms. LaFleur testified that it documented Mr. Crawford’s permission to have his return filed electronically, but “it would not indicate to me that that was actually done.” Continuing, she explained that “[i]f you want proof that it was filed electronically in our system, then you would request a certified copy showing that.”[8]
At the close of the hearing, the trial court orally granted the Grahams’ Objection to the Candidacy and Petition to Disqualify Mr. Crawford. On the following day, the trial court signed a written judgment disqualifying Mr. Crawford and ordering his name be stricken from the ballot. The judgment does not indicate the time it was rendered. See La. R.S. 18:1409 (providing that the judgment in an election-disqualification suit “shall indicate the date and time rendered.”). The judgment does indicate the following regarding the date on which it was rendered:
JUDGMENT RENDERED on the 21st day of September, and READ AND SIGNED on the 22nd day of September, 2015 in New Orleans, Louisiana.
| ./This appeal followed.

Timeliness of the Appeal

The first issue to be addressed is the jurisdictional issue of the timeliness of the appeal. The time period for filing an appeal in an election-disqualification suit is set forth in La. R.S. 18:1409 D, which provides, in part, that “[w]ithin twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and *1153 giving bond for a sum fixed by the court to secure the payment of costs.” La. R.S. 18:1409 D (emphasis supplied).
After this appeal was lodged, the Grahams filed a motion to dismiss the appeal as untimely. The Grahams contend that the trial court rendered judgment in open court at the close of the hearing on September 21, 2015, shortly before noon. The Grahams further contend that the trial court signed a written judgment the following day, which included the language quoted above — “JUDGMENT RENDERED on the 21st day of September.” Citing the statutory language requiring an appeal be filed within twenty-four hours after the “rendition” of the judgment, the Grahams contend that Mr. Crawford’s appeal filed two days — forty-eight hours— after the judgment was rendered is untimely.
By statute, a judgment is deemed to be rendered when it is signed by the trial judge. See La. R.S. 18:1409 J (providing that “[a]s used in this Chapter [CONTESTS AND CHALLENGES under Title 18, the Louisiana Election Code], judgment shall be deemed to have been rendered when signed by the judge.”); see also La. C.C.P. art. 1911 A (providing that “[ejxcept as otherwise provided by law, every final judgment shall contain the typewritten or printed name of the judge and 18be signed by the judge.”).[9] Although the trial court’s judgment in this case indicates that it was “RENDERED” on September 21st, the trial court did not sign a judgment until the following day. By statute, the judgment was rendered on the day it was signed, September 22nd. The judgment does not indicate the time it was signed. Nonetheless, the well-settled principle is'that “appeals are. favored in the law. Unless the ground urged for dismissal is free from doubt, the appeal should be maintained.” Castillo v. Russell, 05-2110 (La.2/10/06), 920 So.2d 863 (citing U.S. Fire Insurance Co. v. Swann, 424 So.2d 240, 244-45 (La.1982)). Accordingly, we find Mr. Crawford’s appeal, which was filed on the day after the judgment was signed and by statute rendered, is timely. We thus deny the Grahams’ motion to dismiss the appeal.

Mr. Crawford’s appeal

On appeal, Mr. Crawford asserts the following assignments of error:
1. The Trial Court did not have personal jurisdiction over Ray Crawford by the filing and constructive service of the Original Petition.
2. The Trial Court did not have personal jurisdiction over Ray Crawford by the late filing or waiver of service of the Amended Petition,
3. The Trial Court improperly extend- ■ ed the holding of Russo v. Burns, 14-1963 (La.9/24/14), 147 So.3d 1111 *1154 to produce an unnecessarily harsh result and disregarded evidence establishing that Ray Crawford met his burden.
¿¿¡Because we find merit to Mr. Crawford’s second assignment of error, we do not reach the other assignments.
A de novo standard of review applies to an appellate court’s review of a trial court’s finding on personal jurisdiction. See New Inv. Properties, LLC v. ABC Ins. Co., 07-0943, p. 3 (La.App. 4 Cir. 11/21/07), 972 So.2d 392, 395. To place Mr. Crawford’s second assignment of error in context, we review the facts regarding service of both the Original Petition and the Amended Petition.
As the trial court noted in its reasons for judgment, the Original Petition was served pursuant to La. R.S. 18:1407 on Mr. Crawford’s agent for service of process, Mr. Morrell. The trial court further stated as follows:
La. R.S. § 18:1408 does state that “at the same time that service is made on the appointed agent, a diligent effort shall be made to make personal service on the defendant at his domiciliary address as shown by his qualifying papers.” Here, while ultimately unsuccessful, this Court finds there was effort for domiciliary service through the Orleans Parish Sheriff on Crawford on the same date that the Clerk was served with the Petition. This is contrasted to Eugene v. Davenport, 14-0953 (La.App. [4 Cir.] 9/9/14), 150 So.3d 56, wherein the Fourth Circuit found there was no effort, diligent or otherwise, to make domiciliary service on the candidate at his qualifying address and, thus the “failure to attempt to serve” the candidate with the lawsuit was sufficient reason alone to uphold the trial court’s denial of the Objection to Candidacy.
The trial court thus found that service of the Original Petition was proper and provided jurisdiction. See La. R.S. 18:1408 D (providing that “[s]ervice of process on and citation of the appointed agent [the Clerk of Court], together with the posting of the petition as provided in R.S. 18:1406, shall be sufficient service to give the trial court jurisdiction over the person of the defendant.”) [10]
|inAs noted earlier, the Grahams’ named the wrong defendant in their Original Petition. As the Notice of Candidacy reflects, the candidate is “Ray Charles Crawford.” An election suit must be instituted against the person whose candidacy is challenged. See La. R.S. 18:1402 A(l) (providing that the proper party is “[t]he person whose candidacy is objected to.”). In an attempt to correct the mistake, the Grahams filed the Amended Petition on Saturday, September 19, 2015. In their certificate of service, the Grahams requested sendee on both Mr. Crawford and his agent for service of process, Mr. Morrell. There is no evidence that the Grahams made any attempt to have either Mr. Morrell or Mr. Crawford served with the Amended Petition before the hearing commenced on Monday, September 21, 2015.
At the hearing, the trial court raised the issue of service of the Amended Petition when Mr. Crawford, who was appearing pro se, was sworn in as the first witness. After Mr. Crawford identified himself as “Ray Charles Crawford,” the trial court asked him whether he was also known as “Raymond C. Crawford.” He responded *1155 in the negative and offered to produce his driver’s license. At that point, the Grahams’ attorney pointed out that they filed a motion to amend the petition to rename the defendant as Ray Crawford. The trial court asked whether the Amended Petition was served on the Clerk of Court. The Clerk of Court’s attorney responded that he had not seen the Amended Petition. The trial court asked whether the Clerk of Court wished to waive service of the Amended Petition. Initially, the Clerk of Court’s attorney responded as follows: “[W]e have no objection to it. We support it [the Amended Petition] being filed, but because we don’t take a position in these kind of situations.... ” At this juncture, the following colloquy ensued:
JjjTHE COURT:
He has just indicated to the Court under oath that he is Ray C. Crawford which is in accordance with the motion to amend, so does the Clerk’s Office wish to waive service on the motion to amend the petition and everything else in the original petition remains the same; is that correct?
MR. MENA [THE GRAHAMS’ COUNSEL]:
Yes, Your Honor.
MR. DARNELL [THE CLERK OF COURT’S COUNSEL]:
We have no objection either way. We have no—
THE COURT:
Objection to waiving service?
MR. DARNELL:
Correct.
THE COURT:
I’m not asking for anything substantive, just procedurally.
MR. DARNELL:
Right.
The trial court never asked Mr. Crawford whether he agreed to waive service of the Amended Petition.
On appeal, Mr. Crawford contends that the trial court erred in failing to find it lacked personal jurisdiction over him. In support, he cites the trial court’s failure to obtain a waiver of service of the Amended Petition from him. He contends that there is no precedent for allowing the clerk of court to verbally waive service for a candidate in open court. He notes that La. C.C.P. art. 1201 B and C state that a defendant may expressly waive citation and service by written waiver. He emphasizes that there was no written waiver. Moreover, he contends that “the | ^proper individual to ask for a waiver of service would not be the agent for service, but the principal — Ray Crawford, the purported defendant standing in court whose life was affected by this failure of due process.”
The Grahams counter that Mr. Crawford waived the objection to lack of personal jurisdiction by appearing at the hearing and participating. They also contend that Mr. Crawford was required to file a declinatory exception in order to preserve his objection of lack of personal jurisdiction.
Pursuant to La. R.S. 18:1407, a candidate appoints the clerk of court as his agent for service of process.[11] Although the Original Petition was served. on Mr. Morrell as Mr. Crawford’s agent for service of process, the Original Petition named the wrong defendant. At the time of the hearing, neither Mr. Morrell nor *1156 Mr. Crawford had been served with the Amended Petition. Nor had the trial court granted the Grahams’ motion to file their Amended Petition. Contrary to the Grahams’ contention, Mr. Crawford could not waive personal jurisdiction by participating in the hearing because he was not named in the Original Petition. The fact that Mr. Crawford appeared at the hearing on the Original Petition thus was of no moment. Nor was Mr. Crawford required to file an. answer to the Original Petition asserting a declinatory exception. See La. R.S. 18:1406.[12] ■ •
|^Although the clerk of court-is appointed and authorized by statute to accept service for the candidate, the clerk of court is not authorized to waive • service. See Landiak v. Richmond, 05-0758, pp. 6-7 (La.3/24/05), 899 So.2d 535, 541 (holding any doubt must be resolved in favor of allowing a candidate to run for public office). We thus find merit to Mr. Crawford’s contention that the clerk of court’s waiver of service of the Amended Petition was without effect. Because he was not asked to do so, Mr. Crawford could not waive service. We thus find there was no waiver of service of the Amended Petition. Accordingly, we find that the trial court lacked personal jurisdiction over Mr. Crawford and that the judgment is thus invalid.

DECREE

■ For the foregoing reasons, the motion to dismiss the appeal filed by the appellees, Dionisha Graham and Derrick Graham, Sr., is denied. The judgment of the trial court is reversed.
MOTION TO DISMISS APPEAL DENIED; REVERSED
TOBIAS, J., concurs..
BONIN, J., concurs in the result with reasons.
LOBRANO, J., dissents with reasons.

. This matter was heard by the Court en banc pursuant to La. R.S. 18:1409 H.

. In their Original Petition, the Grahams incorrectly identified the defendant as "Raymond C. Crawford”; however, they filed an Amended Petition to rename the defendant as "Ray Crawford.”

. La. R.S. 18:492 A(7) provides as follows:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
[[Image here]]
(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

. La, R.S. 18:494 A provides:
When an-objection to candidacy is sustained on the ground that the defendant failed to qualify for the primary election in the manner prescribed by law, that the defendant failed to qualify for thé primary election within the time prescribed by law, or that the defendant does not meet the qualifications for the office he seeks, the final judgment shall disqualify the defendant as a candidate in the primary election for the office for which he failed to qualify properly.

. La. R.S. 18:1408 provides:
A. If service of process is to be made on the appointed agent, as authorized by R.S. 18:1407, such service shall be made by serving citation on this agent, but at the same time that service is made on the appointed agent, a diligent effort shall be made to make personal service on the defendant at his domiciliary address as shown by his qualifying papers.
B. When service is made on the appointed agent, he shall immediately send notice thereof, together with a copy of the citation, by certified mail, return receipt requested, or by commercial courier as defined in R.S. 13:3204(D), when the person to be served is located outside of this state, to addressee only, to the defendant at his domiciliary address as listed in his notice of candidacy. If the appointed agent has reason to believe that the candidate is temporarily absent from his domiciliary address as listed in his notice of candidacy, he shall give additional notice to the candidate in the manner required by this Subsection by mailing a copy of the citation to any place where the candidate temporarily resides.
C. Proof of mailing, certified by the official mark of the United States Postal Service, or by commercial courier as defined in R.S. 13:3204(D), when the person to be served is located outside of this state, along with the return receipt if received by the agent, shall be filed in the proceedings.
D. Service of process on and citation of the appointed agent, together with the posting of the petition as provided in R.S. 18:1406, shall be sufficient service to give the trial court jurisdiction over the person of the defendant.

. At that juncture, Mr. Crawford inquired regarding retaining an attorney to represent him. The trial court replied that Mr. Crawford could return to the hearing with both an accountant and an attorney. The hearing resumed with Mr. Crawford again proceeding pro se.

. Mr. Cojoe acknowledged that he had no proof that Mr. Crawford received a refund. According to Mr. Cojoe, "he [Mr. Crawford] spoke to me and told me he received it.”

.Although at the hearing Mr. Crawford stated that he had a copy of his 2012 state tax return, he failed to introduce it. During his questioning of Ms. LaFleur, he showed her the copy of his alleged return. She testified that it was a tax return, but it was not a filed copy. She explained that it was a stamped “client,” file copy for his paperwork. She further explained that this "client” copy did not establish it was filed with the LDR.

. See also Davis v. Malveaux, 06-2096, p. 8 (La.App. 1 Cir. 10/24/06), 945 So.2d 70, 76 (noting that ‘‘[a]lthough the judgment at issué was rendered in open court, no appeal 'may be taken from a final judgment until it has been signed by the trial judge” and citing La. C.C.P. art.1911 and La. R.S. 18:1409 J); Walker v. Rinicker, 29,361, p. 3 (La.App. 2 Cir. 9/6/96), 681 So.2d 1, 2 (noting that “[t]he judgment is considered to have been rendered when it is signed by the trial judge’ and citing La. R.S. 18:1409 J); see also Fitzmorris v. Lambert, 382 So.2d 169, 183 (La.App. 1st Cir.1979) (noting that "[ojrderly procedure, in our opinion, requires a written, signed judgment.”); but see Buras v. Plaquemines Parish Democratic Executive Comm., 202 So.2d 678, 679 (La.App. 4th Cir. 1967) (construing, in dicta, former La. R.S. 18:364, which provided "the appeal shall be filed in the appellate court within not more than five days from the Rendition of the judgment” to mean that "[t]he ‘rendition’, and not the possible delay in the ‘signing’ of a judgment in such a case, makes that date the beginning of the time allowed for an appeal,”).

. The Grahams’ petition included a request that a copy of their petition be “posted in a conspicuous place at the entrance of the office of tire clerk of court pursuant to Louisiana Revised Statute § 18:1409.” There is no indication in the record that this was not done.

. La. R.S. 18:1407 provides:
By filing notice of candidacy a candidate appoints the clerk of court for each parish in which he is to be voted on as his agent for service of process in any action objecting to his candidacy, contesting his qualification as a candidate in a general election, or contesting his election to office.

. La. R.S. 18:1406 provides:
The defendant shall be served with citation directing him to appear in court no later than' 10:00 a.m. on the fourth day after suit was filed, subject, however, to the’ provisions of R.S. 18:1408(D). The defendant is not required to answer the petition, but if he answers, he shall do so prior to trial.