JOHN BREWSTER OHLE, III     *     NO. 2022-CA-0818

VERSUS     *     COURT OF APPEAL

HUGH A. UHALT,     *     FOURTH CIRCUIT
INDIVIDUALLY, AND
ECETRA N. AMES, THROUGH     *     STATE OF LOUISIANA
HER DULY APPOINTED
LEGAL GUARDIAN, HUGH A.   * * * * * * *
UHALT

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-06481, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Corey E. Dunbar
PIVACH, PIVACH, HUFFT & THRIFFILEY & DUNBAR, L.L.C.
8311 Highway 23,
Suite 104
Belle Chasse, LA 70037-7125

       COUNSEL FOR PLAINTIFF/APPELLANT

Stephen H. Kupperman
Janelle Sharer
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, LLC
909 Poydras Street
Suite 2350
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**JULY 6, 2023**

SCJ
RLB
RML

This appeal arises from the trial court's August 18, 2022 judgment, granting appellee's declinatory exception of lack of personal jurisdiction and dismissing appellant's claims against Mr. Uhalt, individually, without prejudice. For the reasons that follow, we affirm the trial court's judgment.

## PROCEDURAL HISTORY

On July 30, 2021, John Brewster Ohle, III filed a petition for damages, naming as defendants Hugh A Uhalt and his mother, Ecetra N. Ames. Mr. Ohle alleged malicious prosecution and unjust enrichment. Mr. Ohle asserted the following:

1. In December 1999, Ms. Ames executed an instrument establishing the Anthony M. and Ecetra N. Ames Charitable Remainder Unitrust ("Ames Trust"), which designated Mr. Ohle as trustee.

2. On October 14, 2003, he and Ms. Ames executed a settlement agreement and mutual release, settling all of Ms. Ames' claims against him and providing confidentiality provisions.

3. On January 12, 2004, as trustee, Mr. Ohle filed a petition to approve accounting, and the trial court approved the accounting of the Ames Trust.

1

4. On October 28, 2009, Ms. Ames filed a petition against Mr. Ohle in the United States District Court, Eastern District of Louisiana, which was dismissed without prejudice on December 9, 2010.

5. False allegations of Ms. Ames's petition led to Mr. Ohle indictment in the United States District Court for the Southern District of New York.

6. Mr. Uhalt falsely testified in the criminal trial that: a) Mr. Ohle held power of attorney allowing him access to all of Ms. Ames's financial information during the period of the Ames Trust accounting, b) Mr. Ohle defrauded Ms. Ames and the trust.

7. Mr. Uhalt's perjured testimony led to Mr. Ohle's conviction and the order against him to pay $2.9 million in forfeiture and $5.5 million in restitution

8. On January 14, 2011, Ms. Ames filed a second suit against Mr. Ohle in Orleans Parish Civil District Court.

9. On December 2, 2015, Mr. Uhalt filed an *ex parte* motion to substitute plaintiff, indicating that Ms. Ames was incapacitated and he was the duly appointed legal guardian of Ms. Ames.

10. On March 23, 2016, Ms. Ames's second suit was dismissed with prejudice on an exception of res judicata.

11. Ms. Ames's second suit was in violation of October 14, 2003 settlement agreement and was malicious.

12. Ms. Ames and Mr. Uhalt were unjustly enriched by the restitution order issued by the United States District Court, Southern District of New York, and subsequent fraudulent removal of assets from the Ames Trust.

13. The instant suit is a re-filing of claims presented in another petition that was dismissed without prejudice on an exception of insufficient service of process.

On August 21, 2021, Mr. Ohle filed a "Petition for Letter Rogatory to Issue Subpoena Duces Tecum/Records Deposition to Foreign Court." On October 14, 2021, Mr. Ohle filed an *ex parte* motion to appoint curator ad hoc. Stephen Kupperman was appointed as curator ad hoc to represent Mr. Uhalt, individually, and Ms. Ames, through her duly appointed legal guardian, Mr. Uhalt. Thereafter, on November 1, 2021, Mr. Kupperman filed a motion to strike Mr. Ohle's petition

for letter rogatory; and the trial court granted the motion to strike on January 18, 2022.

On February 2, 2022, Mr. Kupperman filed declinatory exceptions of insufficient service of process and lack of personal jurisdiction. The trial court held a hearing on the exceptions on June 24, 2022, in which it orally denied the exception of insufficiency of service of process and took the exception of lack of personal jurisdiction under advisement. Thereafter, on August 18, 2022, the trial court issued a written judgment with reasons granting the exception of lack of personal jurisdiction.

On August 25, 2022, Mr. Ohle filed a motion for new trial, which was denied on August 29, 2022. On October 20, 2022, Mr. Ohle filed a motion for devolutive appeal. This appeal follows.

On June 1, 2023, this Court issued an order for the trial court to sign a judgment containing proper decretal language. On June 2, 2023, the trial court supplemented the record with its amended judgment.

## DISCUSSION

Mr. Ohle argues that the trial court erred in failing to conduct a proper personal jurisdiction analysis in the matter and in not addressing the denial of the exception of insufficiency of service of process in the August 18, 2022 judgment.[1]

***Exception of insufficiency of service of process***

---

[1] Mr. Ohle asserts three assignments of error: 1) the trial court erred by issuing a judgment which does not adjudicate the trial court's oral denial of the declinatory exception of insufficiency of service of process; 2) the trial court erred by issuing a judgment which does not contain decretal language regarding the trial court's granting of the declinatory exceptions of lack of personal jurisdiction; and 3) the trial court erred by issuing a judgment which is contrary to the law and evidence, in which the trial court failed to conduct the proper two-prong analysis in the granting of the declinatory exception of lack of personal jurisdiction.

Mr. Ohle argues that the exception of insufficiency of service of process was orally denied and that the trial court erred in not addressing the exception of insufficiency of service of process in the August 18, 2022 judgment.

The trial court's oral ruling at the June 24, 2022 hearing denied the defendants' exception of insufficiency of service of process. The ruling was interlocutory, as it did not determine the merits, in whole or in part. *See Elysian, Inc. v. Neal Auction Company*, 2020-0674, 2020-0675, p. 7 (La. App. 4 Cir. 7/21/21), 325 So.3d 1075, 1082 (citing La. C.C.P. art. 1841). "Interlocutory rulings generally are not required to be reduced to writing." *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 2015-0881, p. 4 (La. App. 1 Cir. 7/14/15), 180 So.3d 382, 384. La. C.C.P. art. 1914(A) provides that "the rendition of an interlocutory judgment in open court constitutes notice to all parties." Rather, under La. C.C.P. art. 1914(B), "[t]he interlocutory judgment shall be reduced to writing if the court so orders, if a party requests within ten days of rendition in open court that it be reduced to writing, or if the court takes the interlocutory matter under advisement."

Here, the record is devoid of any evidence of the trial court ordering or any party requesting that the trial court's oral denial of the exception of insufficiency of service of process to be reduced to writing. Further, the only matter the trial court took under advisement was the exception of no personal jurisdiction. Thus, we find no error in the trial court's failing to include the denial of the exception of insufficiency of service of process in its August 18, 2022 judgment. This assignment of error is without merit.

***Exception of lack of personal jurisdiction***

Next, Mr. Ohle argues that the trial court erred in failing to conduct the proper personal jurisdiction analysis. Mr. Ohle further argues that the issue before

4

the trial court was whether or not the trial court had personal jurisdiction over Mr. Uhalt based upon his minimum contacts.

Appellate courts conduct a de novo standard of review of a trial court's finding of personal jurisdiction. *Loeb v. Vergara*, 2020-0261, p. 78 (La. App. 4 Cir. 1/27/21), 313 So.3d 346, 392 (citing *Graham v. Crawford*, 2015-1034, p. 9 (La. App. 4 Cir. 9/29/15), 176 So. 3d 1148, 1154). As such, this Court must determine whether Louisiana has personal jurisdiction over Mr. Uhalt without deference to the trial court's findings. "[T]he Louisiana Supreme Court subdivided the method of proving an exception of lack of personal jurisdiction into two categories—with a contradictory hearing and without such a hearing." *Ohle v. Uhalt*, 2016-0569, p. 4 (La. App. 4 Cir. 2/1/17), 213 So.3d 1, 5. This Court in *Ohle* cited the Supreme Court's explanation as follows:

> If there had been a contradictory evidentiary hearing, plaintiff would have had to prove facts in support of her showing that jurisdiction was proper by a preponderance of the evidence. However, under constitutional and codal principles, when the trial court decides the jurisdictional issue without a contradictory evidentiary hearing, as it has done in the present case, the burden of the non-moving party is relatively slight and allegations of the complaint and all reasonable inferences from the record are to be drawn in favor of the non-moving party.

*Ohle*, 2016-0569, p. 4, 213 So.3d at 5 (quoting *de Reyes v. Marine Management and Consulting, Ltd.*, 586 So.2d 103, 109 (La. 1991)). A contradictory hearing on an exception of lack of personal jurisdiction is not considered to have taken place unless live testimony is taken. *Id*. at p. 4, 213 So.3d at 5 (citing *Jacobsen v. Asbestos Corp. Ltd.*, 2012-655, pp. 6-7 (La. App. 5 Cir. 5/30/13), 119 So.3d 770, 775-76). Particularly, "a contradictory hearing requires more than simply oral argument on the exception of lack of personal jurisdiction." *Id.* at p. 4, 213 So. 3d at 5. Thus, in the absence of a hearing on the merits, plaintiff only needs to make a

*prima facie* showing that the court has jurisdiction under a Louisiana's long-arm statute. *Id*. at p. 4, n. 4, 213 So.3d at 5.

However, Louisiana courts have routinely ruled on exceptions of lack of personal jurisdiction without a contradictory hearing based solely on written documentation, including the petition and affidavits. *Id.* at p. 5, 213 So.3d at 5. As such, "Louisiana courts have accepted the allegations in the petition as true 'except as controverted by the defendant's affidavit.'" *Id*. at p. 5, 213 So.3d at 5 (quoting *Lifecare Hospitals, Inc. v. B & W Quality Growers, Inc*., 39,065, p. 8 (La. App. 2 Cir. 10/27/04), 887 So.2d 624, 630).

Here, the June 24, 2022 hearing transcript reflects that no live testimony was taken; and only oral arguments occurred. Accordingly, in determining whether Mr. Uhalt is subject to personal jurisdiction in Louisiana, we must draw all reasonable inferences in favor of Mr. Ohle by looking at the allegations contained in his petition.

Mr. Ohle's petition provides that Mr. Uhalt was previously domiciled in the Parish of Orleans, but is now domiciled in the State of Colorado. Based on this allegation, the trial court's authority to exercise personal jurisdiction over him as a non-resident defendant is governed by Louisiana's long-arm statute, La. R.S. 13:3201, which provides:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

(5) Having an interest in, using or possessing a real right on immovable property in this state.

(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.

(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.

(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

The limits of this statute and constitutional due process are coextensive. *Ohle* at p. 6, 213 So.3d at 6. Moreover, the exercise of personal jurisdiction over a non-resident defendant comports with due process when (i) the defendant has certain "minimum contacts" with the forum state; and (ii) as a result of those contacts, the maintenance of the suit would not offend traditional notions of fair play and substantial justice. *Id.* "The initial burden of proving sufficient minimal contacts to establish personal jurisdiction rests with the party asserting jurisdiction is proper." *Kaye v. Karp*, 2017-0397, p. 5 (La. App. 5 Cir. 12/27/17), 237 So.3d 614, 620 (*de Reyes*, 586 So.2d at 107). Once sufficient minimal contacts have been established, the burden shifts to "the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and

substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." *Id.*

In determining "minimum contacts," there are two categories of personal jurisdiction: general and specific. *Jones v. St. Augustine High Sch., Inc.*, 2021-0474, 2021-0475, p. 4 (La. App. 4 Cir. 2/16/22), 336 So.3d 470, 474 (citing *Ohle*, 2016-0569, p. 6, 213 So.3d at 6). We begin by addressing general jurisdiction.

*General Jurisdiction*

General jurisdiction can be exercised over an individual when his affiliation with the State is "so 'continuous and systematic' as to render [him] essentially at home in the forum State." *Loeb*, 2020-0261, p. 81, 313 So.3d at 394 (citing *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 137 S.Ct. 1549, 1558, 198 L.Ed.2d 36 (2017)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile...." *Id.* at p. 81, 313 So.3d at 394 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S.Ct. 2846, 2853, 180 L.Ed.2d 796 (2011)).

In the present matter, Mr. Ohle argues that the allegations in his petition satisfy the general and specific jurisdictional requirements. Mr. Ohle further argues that Mr. Uhalt is a former resident and property owner in Louisiana, thus Mr. Uhalt has sufficient minimum contacts subjecting him to personal jurisdiction. We disagree.

Mr. Ohle's petition asserted personal jurisdiction over Mr. Uhalt, a resident of Colorado, through Louisiana's long-arm statute. Subsequent to his appointment as curator ad hoc, Mr. Kupperman filed an exception of lack of personal jurisdiction, arguing that Mr. Ohle has failed to establish personal jurisdiction over Mr. Uhalt, individually, because Mr. Ohle conceded that Mr. Uhalt is domiciled in

Colorado, and that Mr. Ohle's sole allegation against Mr. Uhalt is that Mr. Uhalt falsely testified against him in a criminal matter in United States District Court for the Southern District of New York.

First, in applying the principle of general jurisdiction, it is undisputed that Mr. Uhalt is a resident and domiciliary of Colorado. While Mr. Ohle argues that Mr. Uhalt has sufficient minimum contacts subjecting him to personal jurisdiction because he is a former resident and owns property in the state of Louisiana, the record before us fails to establish that, or that Mr. Uhalt had "continuous and systematic" contact with this state, which is necessary to exercise general jurisdiction. As previously noted, no live testimony occurred nor was there any evidence introduced at the June 24, 2022 hearing to support this argument. Thus, we find that Mr. Ohle has failed to make a *prima facie* showing of general jurisdiction. *See Ohle*, 2016-0569, p. 4, n. 4, 213 So.3d at 5. Next, we address specific jurisdiction.

*Specific jurisdiction*

"Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that established jurisdiction." *Ohle*, 2016-0569, p. 7, 213 So.3d at 7 (quoting *Goodyear Dunlop Tires*, 564 U.S. at 919, 131 S.Ct. at 2846). "In order for a court to exercise specific jurisdiction over a claim there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Loeb*, 2020-0261, p. 83, 313 So.3d at 395 (internal citations omitted).

Mr. Ohle argues that Mr. Uhalt pursued litigation against him for eight years in New Orleans, thus it is not unreasonable to expect Mr. Uhalt to defend

9

malicious prosecution claims in the same court in which underlying matter was filed.

First, the petition does not allege that Mr. Uhalt was a party to the October 14, 2003 settlement agreement and mutual release that was executed between Mr. Ohle and Ms. Ames, nor a party to the January 12, 2004 consent judgment approving the accounting for the trust. Second, the record is void of any evidence that Mr. Uhalt participated in the filing of Ms. Ames's second suit against Mr. Ohle. The allegations against Mr. Uhalt are that 1) he testified against Mr. Ohle in a criminal matter, which occurred in the United States District Court for the Southern District of New York, and 2) Mr. Uhalt was unjustly enriched by the restitution order issued by the U.S. District Court, Southern District of New York, and subsequent fraudulent removal of assets from the Ames Trust.

Although Mr. Uhalt filed an *ex parte* motion to substitute himself as plaintiff in Ms. Ames's suit, this does not give rise to Mr. Uhalt, individually, being subject to Louisiana personal jurisdiction because he acted in the capacity of a legally appointed guardian of Ms. Ames. In light of all of the allegations of conduct giving rise to Mr. Ohle's claims against Mr. Uhalt occurred in New York, we do not find that any Louisiana court can claim specific jurisdiction over Mr. Uhalt, in his individual capacity.

Thus, we do not find that the trial court erred in granting the exception of lack personal jurisdiction and dismissing Mr. Ohle's claims against Mr. Uhalt, individually, without prejudice.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment granting the declinatory exception of lack of personal jurisdiction and dismissing Mr. Ohle's claims against Mr. Uhalt, individually, without prejudice.

**AFFIRMED**